**FIFTH THIRD BANK, Plaintiff,**

v.

**Paul Wilson BOSWELL II, Defendant.**

Civ. No. C–1–87–0719.

United States District Court,
S.D. Ohio.

May 18, 1989.

Sylvan Reisenfeld, Cincinnati, Ohio, for plaintiff.

Frederick McGavran, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon the motion of Defendant P.W. Boswell II for sanctions pursuant to Fed.R.Civ.Pro. 11 and 28 U.S.C. § 1927 (doc. nos. 16, 17). Memoranda in opposition to and in support thereof have been filed by the respective parties (doc. nos. 19, 20). In accordance with the reasons and determinations contained herein defendant's motion is hereby GRANTED in part.

In order to fully understand the posture of this motion a brief recitation of the events leading up to judgment in favor of plaintiff is necessary. At the outset this Court notes that this has been a very complex matter that has been resolved in several stages. The relevant facts to the action are that defendant Paul Wilson Boswell II executed a Limited Payment Guaranty to plaintiff Fifth–Third Bank guaranteeing Promissory Notes 55012 and 50013 of Northwest Conifer Company. The Promissory Notes were also secured by two Certificates of Deposit and by a mortgage upon certain real property of Northwest Conifer located in the State of Washington.

Northwest Conifer subsequently defaulted on the notes. As a result, plaintiff initiated collection actions against Northwest Conifer in Washington by filing a foreclosure action on its mortgage in the Superior Court of the State of Washington, County of Pend Oreille. Judgment in favor of plaintiff was entered on November 10, 1986. The Superior Court awarded final judgment to plaintiff on its first cause of action, respecting the term note, in the total amount of $167,943.50, including the cost of the title search. It also awarded $459,527.49 plus costs, expenses, and attorneys' fees of $2,847 on plaintiff's second cause of action on the revolving note. The judgment specifies that it is subject to interest at the rate of 9% per annum from November 10, 1986 until paid.

The mortgage property was sold at auction by the Sheriff of Pend Oreille, Washington on January 9, 1987. Plaintiff successfully bid $385,000 on the property on the foreclosure sale. The proceeds from this sale were to be applied to payment of the judgment. The purchase was later confirmed by an order confirming sale dated February 23, 1987.

On December 26, plaintiff redeemed the two Certificates of Deposit. This reduced the outstanding balance by $99,302.51.

On December 31, 1986, defendant sent a check for $14,111.39 to plaintiff for interest owed on the balance due. In April 1987, defendant paid $11,866.40 to plaintiff to further reduce the outstanding balance.

Plaintiff's complaint demanded relief in the amount of $547.284.76 plus interest. On October 8, 1987 defendants filed an answer and counterclaim stating their position in regard to the amounts allegedly owed. On August 12, 1988, defendant filed a motion for Summary Judgment (doc. no. 7) acknowledging its liability but moving for damages to be awarded in the amount of $152,667.70 in favor of plaintiff.

A Report and Recommendation was issued by the United States Magistrate on November 22, 1988 (doc. no. 11) which granted Defendant's motion for Summary Judgment. This Court adopted such Report and Recommendation on December 12, 1988 (doc. no. 13) and judgment in the amount of $157,698.02 was entered. Judg-

ment has been satisfied by the defendant (doc. no. 18).

It is now defendant's position that this Court should impose upon plaintiff and its counsel liability for the attorneys' fees and expenses incurred by Mr. Boswell in defending this case on the grounds that those fees and expenses would have been unnecessary but for the bad faith and vexatious conduct of Plaintiff and its counsel in filing pleadings without reasonable investigation of the facts supporting them.

### Rule 11

■ Federal Rule of Civil Procedure 11, as amended in 1983, provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be designed by at least one attorney of record in his individual name, whose address shall be stated ... The signature of an attorney or party constitutes a certificate by the signer that the signer read the pleading, motion or other paper, that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost litigation.

Rule 11 was amended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney and reinforcing those obligations by the imposition of sanctions. *Albright v. Upjohn,* 788 F.2d 1217, 1221 (6th Cir.1986). The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the Rule. *Id.* The standard by which conduct is judged has become more stringent as well. *INVST Financial Group v. Chem–Nuclear Systems,* 815 F.2d 391, 401 (6th Cir.1987). The conduct of counsel that is the subject of sanctions will be measured by an objective standard of reasonableness under the circumstances. *Id; Albright v. Upjohn,* 788 F.2d at 1221.

Although a District Court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances, "[t]he Court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *INVST Financial Group v. Chem Nuclear Systems,* 815 F.2d at 401; *Davis v. Crush,* 862 F.2d 84 (6th Cir.1988).

A District Court must keep in mind that while "the grounds for sanctions ... are designed to improve the litigation process, ... improvement cannot come at the expense of vigorous advocacy." *Rathbun v. Warren City Schools, (In Re Ruben)* 825 F.2d 977, 991 (6th Cir.1987). The notes of the Advisory Committee on Rules indicate that "[t]he Rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories...." *Ibid.* In determining whether Rule 11 has been violated by counsel, "[D]istrict Courts must strike a delicate balance between protecting the adversary system and not allowing attorneys to exploit the system for their own purposes." *Rathbun,* 825 F.2d at 991.

If a District Court concludes that Rule 11 has been violated, the Court has no discretion and must impose sanctions. However, in deciding the nature and extent of sanctions to impose, the District Court is again given wide discretion. *Id; Albright,* 788 F.2d at 1221–22.

This Court has grave concerns on the conduct of counsel throughout the entire proceedings in this matter. The conduct of counsel has also been questioned by the United States Magistrate as well. It has been noted that the plaintiff did not come to Court with "clean hands" but rather there is evidence of collusion between plaintiff and defendant (doc. no. 11). However, and even more shocking to the Court is plaintiff's demand which included $385,-000 as well as the intention to retain the foreclosed property in Washington. It is this "flavor in the litigation" that poses concern to the Court.

In light of the foregoing standard, this Court has considered the reasonableness of

counsel's conduct under the circumstances and specifically at the time the cause of action was filed. This Court finds that plaintiff's complaint may have been filed within the boundaries of Fed.R.Civ.P. 11. However after defendant filed an answer and counterclaim, ten months elapsed before the defendant filed a motion for summary judgment. This Court finds that this is more than a substantial amount of time for discovery to fully proceed and for counsel to make a thorough and responsible inquiry into the applicable law. At the very least, the filing of defendant's motion for summary judgment put plaintiff on notice of the applicable propositions of law. Accordingly this Court finds that plaintiff's conduct after defendant filed a motion for summary judgment extends beyond the bounds of reasonableness under the circumstances thereby violating Fed.R.Civ.P. 11.

### 28 U.S.C. § 1927

It is further defendant's position that this Court should authorize the imposition of sanctions upon plaintiff's counsel who unreasonably and vexatiously multiplied the proceedings in this case. Additionally defendant argues that this Court has the "inherent equitable power" to award attorneys' fees for "bad faith" or frivolous conduct of a case.

In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the Supreme Court, while finding no statutory authority for such an award, determined that an assessment of attorney's fees could be upheld ·under the Court's "inherent powers," upon a finding that an attorney "willfully abuse[d] judicial processes" by conduct "tantamount to bad faith." *Id.* at 764–66, 100 S.Ct. at 2463–64. Congress subsequently amended 28 U.S.C. § 1927 to grant statutory authority for an award of "the excess costs, expenses and attorney's fees reasonably incurred" due to conduct by an attorney that "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (1982) (as amended by Pub.L. 96–349, § 3, 94 Stat. 1156 (Sept. 12, 1980)). The effect of the amendment was to nullify that part of

*Roadway Express* which held that former § 1927 permitted assessment against losing attorneys only of "costs," not of attorney's fees, thus adding a statutory power to the "inherent power" recognized in *Roadway Express*, 447 U.S. at 757–64, 100 S.Ct. at 2459–63.

■ The United States Court of Appeals for the Sixth Circuit has determined a distinction between the two powers of the Court, with the bad faith standard applying to the Court's inherent powers, and the lower "unreasonable and vexatious multiplication" standard applying to assessments under § 1927. *Reynolds v. Humko Products*, 756 F.2d 469, 473 (6th Cir.1985). 28 U.S.C. § 1927 authorizes a Court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation despite the absence of any conscious impropriety. An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the Federal Courts by pursuing claims that are frivolous through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney. *Jones v. Continental Corp.* 789 F.2d 1225, 1229 (6th Cir.1986).

■ Again this Court finds that plaintiff's cause of action became harassing, dilatory and otherwise unreasonable and vexatious upon the passage of ten months after the filing of defendant's answer and counterclaim. As previously mentioned more than adequate time elapsed for the conducting of discovery and a responsible and professional inquiry into applicable law. In light of its findings, this Court is compelled to once again note the overtones of collusion and bad faith between the parties.

In violation of the aforementioned standards, this Court finds that defendant is entitled to reasonable compensation for preparation of the Motion for Summary Judgment (doc. no. 7), the Reply memorandum (doc. no. 10) and the Motion for Sanctions (doc. no. 17). This Court determines that a reasonable amount of compensation is $100.00 per hour. The Court further determines that defendant's reasonable time for the Motion for Summary Judgment is 15.5 hours; for the Reply memorandum 5.0 hours; and for the Rule 11 motion is 14 hours for a total of 34.5 hours. Plaintiff is hereby ordered to pay defendant the sum of $3,450.00 forthwith.

IT IS SO ORDERED.