**RUNFOLA & ASSOCIATES, INC.,** Plaintiff–Appellant (95–3063), Cross–Appellee,

**Russell A. Kelm, Esq., Attorney–Appellant (95–3063), Cross–Appellee,**

v.

**SPECTRUM REPORTING II, INC.,** Barbara Rogers (95–3134), Angie Coder (95–3136), and Bev Dillman, Defendants–Appellees, Cross–Appellants.

Nos. 95–3063, 95–3134 and 95–3136.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1996.

Decided July 8, 1996.

Russell A. Kelm (argued and briefed), Schwartz, Kelm, Warren & Ramirez, Columbus, OH, for Runfola & Associates, Inc. and Russell A. Kelm.

Michael J. Renner, Bricker & Eckler, Columbus, OH, for Spectrum Reporting II, Inc.

Joseph D. Lonardo, Vorys, Sater, Seymour & Pease, Columbus, OH, Jeffrey W. Hutson (briefed), Lane, Alton & Horst, Columbus, OH, for Professional Reporters, Inc.

Richard T. Taps, Bricker & Eckler, Columbus, OH, Charles Jewett Kurtz, III, Porter, Wright, Morris & Arthur, Columbus, OH, Randall W. Knutti (argued and briefed), Ulmer & Berne, Columbus, OH, for Bev Dillman.

Randall W. Knutti, Ulmer & Berne, Columbus, OH, for Angie Coder.

Barbara Rogers (argued and briefed), Spectrum Reporting II, Inc., Columbus, OH, pro se.

Before: MERRITT, Chief Judge; MILBURN, Circuit Judge; COHN,* District Judge.

The court delivered a PER CURIAM opinion. COHN, District Judge (p. 376), delivered a separate concurring opinion.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

Plaintiff Runfola & Associates, Inc. and its counsel, Russell A. Kelm, appeal the district court's judgment imposing Federal Rule of Civil Procedure 11 sanctions against them in this antitrust action. Defendants Spectrum Reporting II, Inc.; Barbara Rogers; Angie Coder; and Bev Dillman cross-appeal the district court's denial of additional sanctions. Defendants Coder and Dillman also appeal the district court's denial of their motion for discovery. For the reasons that follow, we affirm the district court.

## I.

This case is the culmination of a series of disputes between rival court reporting businesses. Plaintiff Runfola & Associates, Inc. began operating in Columbus, Ohio in the 1970s. In 1988, two of Runfola's most widely utilized reporters, Barbara Rogers and Nicholas Marrone, left Runfola and formed their own court reporting firm, Spectrum Reporting, Inc. Rogers and Marrone had entered into noncompetition agreements at the inception of their employment with Runfola, and after their departure they sued to have the agreements declared invalid. Ultimately, the Ohio Supreme Court ordered that the noncompetition agreements be enforced for one year. *See Rogers v. Runfola & Assoc., Inc.,* 57 Ohio St.3d 5, 565 N.E.2d 540 (1991). In the period following the defection of Rogers and Marrone, Runfola lost both clients and staff to Spectrum and to Professional Reporters, Inc. ("PRI"), another new Columbus-based court reporting firm.

The losses led Runfola to file the present action in December of 1990 against PRI, Spectrum Reporting II, and sixteen individuals, of whom only Barbara Rogers, Angie Coder, and Bev Dillman are party to this appeal. Runfola's amended complaint, filed on February 12, 1991, alleges violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and unfair business practices in violation of state law.

Following the filing of Runfola's amended complaint, defendants moved to dismiss the complaint for failure to state a claim under federal antitrust law. In a November 12, 1991, Memorandum and Order, the district court denied defendants' motions to dismiss, citing liberal federal pleading rules. J.A. at 210. However, the court noted that plaintiffs' allegations were "phrased in somewhat vague and conclusionary terms," and warned that, although plaintiffs had alleged sufficient facts in their complaint, "[a]s this case proceeds, plaintiffs will be required to show evidence of anti-competitive effects to meet the elements of a Sherman Act claim, and this must involve more than unfair competition to one market participant." J.A. at 209, 210.

In late November 1991 defendants Spectrum Reporting, Nicholas Marrone, and Barbara Rogers ("the Spectrum defendants") renewed an earlier motion for summary judgment. In February 1992 the district court granted the motion on all but one of the counts, relying on a previous state court settlement agreement among the parties. The sole remaining count, alleging a breach of a covenant not to compete, was stayed pending resolution of an action in state court.

In spite of the district court's November 1991 admonition that plaintiff should produce evidence, between September 1991 and late January 1993, Runfola pursued no discovery in this case. On January 19, 1993, plaintiff served defendant with thirteen notices of deposition. However, these depositions, for reasons upon which the parties do not agree, did not go forward. On February 17, 1993, this case was transferred to another district judge, and a discovery deadline of August 1, 1993 was ordered. On March 1, 1993, defendants filed motions for summary judgment, to which plaintiff did not timely reply, arguing that there was no evidence of an antitrust violation. After several procedural skirmishes, plaintiff finally filed a response to defendants' motions for summary judgment on September 9, 1993, over six months from the date that defendants had filed their motions. In opposing summary judgment, plaintiff offered only one exhibit, a fifteen page affidavit of Thomas Runfola. Plaintiff had completed none of the depositions that it had noticed.

On November 1, 1993, the district court granted defendants' motions for summary judgment on all claims except for the claim of interference with contractual relations against PRI, which it dismissed for lack of jurisdiction. In granting summary judgment, the court found that plaintiff had produced no evidence of harm to competition by defendants. The court also granted defendants' motions to strike Runfola's affidavit, stating that the affidavit was "fraught with obvious examples of speculation, hearsay, supposition, and innuendo...." J.A. 352.

On December 1, 1993, Bev Dillman, Angie Coder, and PRI filed a motion for sanctions. The Spectrum defendants filed their motion on December 6, 1993. Following a hearing on the motions, the district court imposed sanctions against plaintiff Runfola and counsel Kelm and directed defendants to file itemized statements of their attorneys' fees and costs. Subsequently, defendants Dillman and Coder made a motion for financial discovery of plaintiff and plaintiff's counsel in an effort to rebut their claims of lack of funds.

Having considered the defendants' submission of $109,305.90 in attorney fees and $5,671.14 in costs, the district court imposed a joint liability of $15,671.14 in sanctions against Runfola and Kelm. Defendant PRI was awarded its costs of $3,138,81. Defendants Dillman and Coder were awarded their costs of $2,532.33. A lump sum of $10,000 was also divided three ways among PRI, Dillman and Coder, and the Spectrum defendants. Plaintiff and plaintiff's counsel timely appeal, and the Spectrum defendants and Dillman and Coder timely cross-appeal the district court's award of Rule 11 sanctions. Defendants Dillman and Coder also timely appeal the district court's denial of their motion for discovery.

## II.

### A.

Plaintiff Runfola and counsel Kelm appeal the award of sanctions to defendants

Dillman and Coder and to the Spectrum defendants,[1] arguing that the district court abused its discretion. All other defendants, including defendant PRI, have either been dismissed from this appeal by stipulation or are not included in the appeal because they were not awarded sanctions. We apply the deferential abuse of discretion standard of review to "all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990); *see also Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 217 (6th Cir.1993). In determining whether Rule 11 sanctions are appropriate, the district court should examine whether an "attorney's conduct was reasonable under the circumstances." *Mann v. G & G Manufacturing, Inc.*, 900 F.2d 953, 958 (6th Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

In considering the motion for sanctions under Rule 11, the district court stated that the issue was whether plaintiff and/or plaintiff's counsel "should be held liable for sanctions for improperly pursuing a federal cause of action, when in fact Plaintiff was able to present *no* evidence of any anti-trust violation, even three years after commencing the action." J.A. 394 (emphasis in original). In reaching the conclusion that sanctions were appropriate in this case, the district court emphasized plaintiff's "extensive, persistent and unwarranted litigation ... after being granted a more than reasonable period of time within which to conduct discovery." J.A. 406. In the district court's opinion, sanctions were needed to deter future behavior of this kind by plaintiff and plaintiff's counsel.

■ Plaintiff argues that the district court abused its discretion in four ways when it imposed the Rule 11 sanctions. First, plaintiff argues that defendants' motions for sanctions were not timely. As recognized by the

Supreme Court, "Rule 11 does not establish a deadline for the imposition of sanctions...." *Cooter & Gell,* 496 U.S. at 398, 110 S.Ct. at 2457. However, prompt motions for sanctions further the deterrent purposed of Rule 11. *Id.*

■ In the present case, the motion for sanctions by defendants Coder and Dillman came only one month after the district court granted their motion for summary judgment. The motion for sanctions by the Spectrum defendants followed the state court action which resolved the sole remaining count of the complaint against them. Because plaintiff withstood the motion to dismiss, the question for Rule 11 application is not whether the original Complaint was "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," Fed.R.Civ.P. 11, but whether the Complaint was "well grounded in fact." *Id.* Whether a case is well grounded in fact will often not be evident until a plaintiff has been given a chance to conduct discovery. Therefore, motions for sanctions can be timely even when filed well after the original pleadings.

■ The Advisory Committee Notes to the 1983 Amendments to Rule 11 seem to have anticipated such a fact-based motion for sanctions:

A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, *it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation,* and in the case of motions at the time when the motion is decided or shortly thereafter.

Fed.R.Civ.P. 11 (1983) (advisory committee notes) (emphasis added).[2] In *Kaplan v. Zen-*

---

1. Because Mr. Marrone is not mentioned in the appeal, reference to "the Spectrum defendants" from here forward will include only Barbara Rogers and Spectrum Reporting II, Inc.

2. The Advisory Committee Notes for the 1993 Amendments to Rule 11 make this point even more clearly:

The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served promptly after the inappropriate paper is filed,

*ner,* 956 F.2d 149 (7th Cir.1992), the Seventh Circuit considered the above passage from the advisory committee notes and concluded that "the situation contemplated by the committee notes is one in which the basis for factual allegations in pleadings cannot be determined until such time as the party claiming those facts has had an adequate opportunity to develop his proof." 956 F.2d at 152 (quoting *Ezell v. Lincoln Electric Company,* 119 F.R.D. 645, 646 (S.D.Miss.), aff'd without op., 863 F.2d 880 (5th Cir.1988)). We find that this is just such a case, and conclude that both motions were made sufficiently close to defendants' discovery of plaintiff's likely violation of Rule 11. Accordingly, the motions serve to accomplish the deterrent goals of Rule 11, and the district court did not err in ruling that defendants' motions for sanctions were timely made.

■ Second, plaintiff argues that the district court abused its discretion in relying on both the 1983 and 1993 versions of Rule 11. Rule 11, originally enacted in 1937, underwent significant revision in 1983, and again in 1993. In promulgating the most recent version of Rule 11, which took effect December 1, 1993, the Supreme Court ordered that the 1993 version of the rule "shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." *Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995) (quoting the Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure (April 22, 1993)). Thus, as plaintiff acknowledges, it was within the district court's discretion as to which version of Rule 11 applied. Plaintiff argues that the district court erred by not applying one version of Rule 11 but instead applying selective parts of the 1983 and 1993 versions of Rule 11.

Plaintiff's argument is belied by the text of the opinion below, which makes clear that sanctions were awarded only under the 1983 rule. References to the current Rule 11 and its advisory committee notes show that the court viewed them solely as "instructive as to

the intent and appropriate interpretation of . . . the prior form of the Rule." J.A. 397 n. 1. Given the over two and one half years which elapsed from the time this action was commenced to the filing of plaintiff's response to defendants' motions for summary judgment, and the utter failure of plaintiff to unearth any facts whatsoever supporting its claim, the sanctions are appropriate under the 1983 version of Rule 11 without looking to the 1993 version for additional support. Moreover, while plaintiff and plaintiff's counsel argue that the district court erred in selectively applying the two versions of Rule 11, they do not demonstrate in any way how that was harmful to them. *See Matter of Yagman,* 796 F.2d 1165, 1186 (9th Cir.1986) (holding that an incorrect application of amended Rule 11 can be "of no great consequence" when the ultimate result is not affected).

Third, plaintiff argues that the district court abused its discretion by awarding sanctions for plaintiff's failure to prove one element of its case. Several cases from other circuits are cited by plaintiff in support of this proposition. Plaintiff further argues that the limitations on discovery imposed by the district court prevented plaintiff from presenting the needed evidence.

■ However, a close reading of the district court's decision shows that the court did not base the imposition of sanctions on plaintiff's failure to prove one factual element of its case. To the contrary, the district court imposed sanctions for the manner in which plaintiff excessively lengthened the discovery process yet failed "to voluntarily dismiss this action after becoming aware of their inability to assert any competent evidence to support [their claims]." J.A. 406. The district court also stated that it "viewed the gravamen of Rule 11 as being not in the filing of a claim that eventually proves to be meritless, but rather in the persistence in pursuing that claim after the pleader has or should have

---

and, if delayed too long, may be viewed as untimely. *In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery.*

Fed.R.Civ.P. 11 (1993) (advisory committee notes) (emphasis added).

become aware that it lacks merit." J.A. 398.[3] Such a basis for imposing Rule 11 sanctions is well-recognized under the 1983 version of Rule 11 and decisions of this court.

In *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988), this court stated that "the reasonable inquiry under Rule 11 is not a one-time obligation." "[T]he plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Id.* at 335–36. Also, in *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 681 (6th Cir.1988), we held that "after discovery has been launched, if plaintiffs are still unable to plead a sufficient factual basis for the allegations made against defendants, the spectre of Rule 11 sanctions should guide the actions of plaintiffs' counsel."

■ In the present case, plaintiff was given over two and one half years to conduct enough discovery to defeat a motion for summary judgment. However, the only evidence plaintiff presented was a fifteen page affidavit which was stricken by the district court for its baselessness. Plaintiff's tactics forced defendants to expend significant time and money in defense of a meritless action. Thus, the district court was clearly within the parameters of Rule 11 when it imposed sanctions for plaintiff's failure to dismiss a factually meritless action.[4]

■ Fourth, plaintiff argues that the award of sanctions was a wholesale abuse of discretion by the district court. Plaintiff rests this argument on essentially two bases: that plaintiff's counsel conducted a reasonable pre-filing inquiry and that the dis-

trict court's ruling in plaintiff's favor on the Fed.R.Civ.P. 12(b)(6) motion for dismissal prevents Rule 11 sanctions. Plaintiff's first argument indicates that plaintiff does not understand the district court's basis for imposing Rule 11 sanctions. The district court did not rest its decision on the failure of plaintiff's counsel to perform a reasonable pre-filing inquiry, but, rather, the court based its decision on plaintiff's counsel's discovery abuse and failure to dismiss the case after becoming aware that it lacked merit. Thus, the reasonableness of plaintiff's pre-filing inquiry is irrelevant. Further, plaintiff's assertion that survival of its action after the court overruled defendants' motion to dismiss prohibits Rule 11 sanctions is without any legal support.[5] On the contrary, the law of this circuit supports the opposite conclusion. In *Lemaster v. United States*, 891 F.2d 115, 121 (6th Cir.1989) (per curiam), we held that the mere survival of an action following a motion for summary judgment does not prevent Rule 11 sanctions. It logically follows that the survival of an action after a Fed.R.Civ.P. 12(b)(6) motion to dismiss, which has a lesser evidentiary and legal burden on a defendant than a summary judgment motion, would also not prohibit Rule 11 sanctions. Accordingly, the district court's imposition of Rule 11 sanctions against plaintiff and plaintiff's counsel was not an abuse of discretion in any aspect.

### B.

Several arguments are made by cross-appellants, who challenge the district court's

---

3. In support, the district court cited *Fifth Third Bank v. Boswell*, 125 F.R.D. 460, 463 (S.D.Ohio 1989).

4. With regard to plaintiff's claim that its failure of proof in responding to the motion for summary judgment was due to the district court's August 2, 1993 protective order denying discovery of certain financial documents to plaintiff, it suffices to say that plaintiff could not demonstrate the relevance of these documents to the district court.

5. Plaintiff cites the following in support of its proposition that survival of a motion to dismiss prevents a Rule 11 inquiry:

*Cellar Door Productions, Inc. of Michigan v. Kay*, 897 F.2d 1375, 1379 (6th Cir.1990), *cert. denied*, 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 38 (1990) ("Moreover, we seriously question whether Rule 11 sanctions may be imposed where, as here, a magistrate has denied a motion...."").

Plaintiff's Brief at 24. Plaintiff's citation does not stand for that proposition whatsoever because the type of motion which was omitted from the quotation from *Cellar Door* was a motion to quash depositions and not a motion to dismiss. Furthermore, the quote also omitted the critical circumstance that in *Cellar Door* no appeal was made to the district court of the magistrate's denial of the motion to quash the depositions.

award of Rule 11 sanctions as inadequate. Cross-appellants Dillman and Coder argue that sanctions should have been awarded under 28 U.S.C. § 1927 and under the district court's inherent powers, that the district court erred when it denied their motion for financial discovery of plaintiff and plaintiff's counsel, and that the district court erred in awarding such a low sanction. The Spectrum defendants echo the argument that the sanctions award was too low and also argue that the district court erred in not awarding them any costs.

■ As previously stated, we review the district court's order imposing Rule 11 sanctions for an abuse of discretion. We also apply an abuse of discretion standard of review to sanctions decisions under 28 U.S.C. § 1927 and under a district court's inherent power to sanction for bad faith. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417 (6th Cir.1992).

■ Under 28 U.S.C. § 1927, "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). A finding of bad faith is not required. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986). In the present case, the district court did not award sanctions under § 1927 because to do so "would be duplicative of relief to which [defendants] may be entitled under Fed. R.Civ.P. 11." J.A. 401. As an award under § 1927 is discretionary under the statute, the district court's forbearance in awarding § 1927 sanctions was not an abuse of discretion.

■ In addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs. *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229–1230 (6th Cir.1984), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985). In the present case, while defendants Dillman and Coder made a motion for sanctions through the court's in-

herent powers, the district court did not award sanctions on that basis nor did it discuss its reasons for not doing so. While district courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions. *Orlett*, 954 F.2d at 417. Furthermore, because the record does not establish the bad faith needed for sanctions under the district court's inherent powers, we will not disturb the district court's order on the basis of its inherent power to sanction. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 111 S.Ct. 2123, 2126–27, 115 L.Ed.2d 27 (1991) (stating that courts should rely on § 1927 or Rule 11 instead of its inherent power to sanction when § 1927 or Rule 11 are adequate to impose sanctions).

■ Defendants Dillman and Coder argue that the district court erred in denying their motion for financial discovery of plaintiff and plaintiff's counsel. Dillman and Coder made this motion in response to plaintiff's allegation that only a nominal sanction would be necessary due to plaintiff's lack of funds. The record below does not reflect that the district court ever ruled on this motion. Appellate review is thus difficult. However, on its face the motion is meritless because while a party's financial status is relevant to a sanctions procedure, the law has made it relevant in order to protect a party from punitive awards in favor of the deterrent purposes of Rule 11. In *Jackson v. O'Hara*, 875 F.2d 1224, 1230 (6th Cir.1989), we held that a district court is required to make an inquiry into an attorney's ability to pay sanctions in order to prevent Rule 11 from being used "as a vehicle to drive an attorney out of practice." We also stated that "[w]hen a fraction of the actual and reasonable fees requested is sufficient to deter future violations, it is not an abuse of discretion to award such lesser amount." *Id.* Therefore, the district court did not abuse its discretion in failing to grant Dillman and Coder's motion for discovery of plaintiff's financial status.

■ Finally, both Dillman and Coder and the Spectrum defendants cross-appeal arguing that the district court's award of Rule 11 sanctions was an insufficiently low

amount that will not deter future actions of this type by plaintiff or plaintiff's counsel. Because a district court is given "wide discretion" in deciding the amount of sanctions to impose, *INVST Fin. Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir.), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987), we will not alter the district court's decision on the amount of sanctions imposed in this case as it was not an abuse of discretion. Likewise, the district court did not abuse its discretion in refusing to award costs to the Spectrum defendants. The district court ordered all defendants to file itemized statements of fees and costs incurred. The Spectrum defendants submitted no documents itemizing costs incurred. Thus, the district court did not err in denying costs to the Spectrum defendants.

### III.

For the reasons stated, the district court's order of Rule 11 sanctions to defendants is AFFIRMED.

COHN, District Judge, concurring.

The sanctions imposed by the district court pursuant to the 1983 version of Federal Rule of Civil Procedure 11 were warranted, though for a reason other than "extensive, persistent and unwarranted litigation."

The 1983 version of Rule 11 authorized the imposition of sanctions for conduct tied to a particular pleading. *See In Re Ruben,* 825 F.2d 977, 984 (6th Cir.1987) ("Rule 11 is concerned with the signing of frivolous pleadings and other papers"). The 1993 Amendments to Rule 11 expanded its reach to conduct related to the case as a whole in making sanctionable a litigant's insistence on a position after it is no longer tenable. Fed. R.Civ.P. 11 (1993) (advisory committee notes). Included in this expansion was a safe harbor provision affording a litigant notice and the opportunity to react to an alleged violation prior to being sanctioned.

In imposing sanctions under the 1983 version of Rule 11 for "extensive, persistent and unwarranted litigation," the district court therefore relied upon an improper basis. Such conduct did not become sanctionable until the 1993 version of Rule 11 which provided the protection of a safe harbor provision.

While the basis upon which the district court imposed sanctions was incorrect, the deficient responses filed by Runfola to the motions for summary judgment do provide a proper basis upon which to impose sanctions under the 1983 version of Rule 11. I therefore concur in the decision to affirm.