§ 413.180(2).  The representative of the decedent's estate was appointed in August of 1993.  Because plaintiffs' § 1983 claim was originally dismissed without prejudice, we treat it as though the statute of limitations continued to run.  Consequently, the statute of limitations had run at the time of dismissal.  Since Kentucky Law does not contain a statutory provision that would permit the plaintiffs to proceed with their claim even though it is out of time, we conclude that the district court correctly dismissed this claim with prejudice.

Jacob Shepherd's loss of parental consortium claim was dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  We review the dismissal for failure to state a claim *de novo*.  *See Hammon v. Norfolk S. Corp.*, 156 F.3d 701, 704 (6th Cir. 1998).  We review the decision to dismiss with prejudice for abuse of discretion.  *Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir. 1994).

Kentucky Law did not recognize the loss of parental consortium as a cause of action at the time that this complaint was filed.  *See Guiliani v. Guiler*, 951 S.W. 2d 318 (Ky. 1997).  Consequently, even after construing the factual allegations in the light most favorable to the plaintiffs, we must affirm the district court's dismissal for failure to state a claim.

We also conclude that the district court did not abuse its discretion when it dismissed this claim with prejudice.  The plaintiffs have failed to provide evidence suggesting that this decision amounted to a clear error.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court orders.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0432P (6th Cir.)
File Name:  02a0432p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

BILL WAYNE SHEPHERD, et al.,

    *Plaintiffs-Appellants,*

    *v.*

BILLY WELLMAN, et al.,
    *Defendants-Appellees.*

No. 01-5189

Appeal from the United States District Court for the Eastern District of Kentucky at London.
No.  94-00298—Jennifer B. Coffman, District Judge.

Argued:  November 1, 2002

Decided and Filed:  December 23, 2002

Before:  KEITH, KENNEDY, and MOORE, Circuit Judges.

───────────────

### COUNSEL

**ARGUED:**  Jeffrey M. Blum, Louisville, Kentucky, for Appellants. Dana C. Fugazzi, KENTUCKY STATE POLICE LEGAL OFFICE, Frankfort, Kentucky, Mary E. Naumann, JACKSON & KELLY, Lexington, Kentucky, Steven L.

Snyder, WYATT, TARRANT & COMBS, Louisville, Kentucky, for Appellees. **ON BRIEF:** Jeffrey M. Blum, Louisville, Kentucky, for Appellants.   Dana C. Fugazzi, KENTUCKY STATE POLICE LEGAL OFFICE, Frankfort, Kentucky, Mary E. Naumann, Stanton L. Cave, JACKSON & KELLY, Lexington, Kentucky, Steven L. Snyder, Robert I. Cusick, Jr., WYATT, TARRANT & COMBS, Louisville, Kentucky, for Appellees.

———————————

## OPINION

———————————

  DAMON J. KEITH, Circuit Judge.  Plaintiffs-Appellants, Mary Jane Jones, Jacob Shepherd, and Bill W. Shepherd, and Attorney-Appellant Jeffrey Blum appeal from the following orders: (1) the denial of plaintiffs' motion for partial summary judgment seeking a declaratory judgment that the Kentucky State Police (KSP) deadly force policy is unconstitutional; (2) the order dismissing the § 1983 action against Wellman, former KSP police Commissioner; (3) the imposition of sanctions against plaintiffs' attorney Jeffrey Blum; (4) the dismissal, with prejudice, of plaintiffs' claims against defendants Reffett, Provence, Reichenbach, and Silvers ("Officers").

  We decline to consider the constitutionality of the KSP deadly force policy, because the plaintiffs lacked standing to seek declaratory judgment, and because this issue was not raised before the district court.  We also conclude that the district court properly dismissed the § 1983 action against Wellman, because the pleadings did not place Wellman on notice that he was being sued as an individual.  Similarly, we are not persuaded that the district court abused its discretion when it imposed sanctions against Blum for using this case to conduct discovery in an unrelated case. Moreover, we find that the district court did not abuse its discretion when it dismissed the claims against the Officers, because the plaintiffs failed to obtain counsel. Accordingly, we **AFFIRM** the district court orders.

than the litigant." *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997).   Under *Pridgen* and *Iannacone*, Gary Shepherd cannot proceed *pro se* with respect to the § 1983 action because he is not the sole beneficiary of the decedent's estate.  *See Jaco v. Bloechele* 739 F.2d 239,  240 (6th Cir. 1984) (noting that § 1983 actions are personal to the injured party and can only be brought by the executor of an estate). Similarly, parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990).  As a result, Jones could not appear *pro se* in the claims brought on behalf of the decedent's son Jacob.  Since case law does not permit Gary Shepherd or Mary Jane Jones to proceed *pro se* in the claims filed on behalf of the estate and Jacob Shepherd, we conclude that the district court properly dismissed these claims for failure to prosecute.

  Having concluded that the district court properly dismissed the § 1983 action, and the claim brought under Ky. Rev. Stat. § 411.51, we now examine whether the district court abused its discretion when it amended its original order and dismissed the plaintiffs' claims with prejudice.  This court treats actions that were dismissed without prejudice as though the suit had never been brought.  *See Bomer v. Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962).  Consequently, the statute of limitations was not tolled during the period that the plaintiffs were litigating their claims.

  Although § 1983 contains no statute of limitations, trial courts apply the state statute of limitations for the cause of action most similar to the underlying claim in the § 1983 action. *Wilson v. Garcia*, 471 U.S. 261, 266-269 (1985).  In this case, the § 1983 action is properly characterized as a wrongful death action, making it subject to a one year statute of limitations, accruing from the date that the representative of the estate was appointed.  *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 653-654 (Ky. 1992). *See also* Ky. Rev. Stat. Ann. § 413.140; Ky. Rev. Stat. Ann.

Accordingly, we affirm the imposition of § 1927 sanctions against Blum.

**(4)  *The Dismissal of the Claims Against the Officers***

The district court did not state the rule underlying its dismissal of the § 1983 action against the Officers, and claims brought under Kentucky Law.  Because these dismissals were based upon the plaintiffs' failure to obtain counsel, we evaluate the dismissal under  Fed. R. Civ. P. 41(b).  We review dismissals under Fed. R. Civ. P.  41(b) for clear error.  *See Haskell v. Washington Township*, 864 F.2d 1266, 1274-75 (6th Cir. 1988).  The district court's decision to dismiss with or without prejudice will not be reversed "absent a clear showing of an abuse of discretion."  *Sterling v. Velsicol Chem. Corp.*,  855 F.2d 1188, 1195 (6th Cir. 1988).

The district court did not abuse its discretion when it dismissed the § 1983 action against the Officers for failure to prosecute.  The plaintiffs were given more than two years to obtain counsel.  Judge Coffman even provided the plaintiffs with the names of several attorneys that might be willing to represent them.  As a result, plaintiffs' argument that the district court interfered with their ability to secure counsel is unfounded.  Moreover, contrary to the plaintiffs' argument, the plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit.  *See Iannaconne v. Law*, 142 F.3d 553, 556 (2d Cir. 1998) (civil litigants who are unable to afford counsel cannot have counsel appointed unless there is a risk of loss of liberty).

Although 28 U.S.C.  § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.  *See Iannacone v. Law*, 142 F.3d 535, 558 (2d Cir. 1998)( "[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.").  Moreover, the Second Circuit  has held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries and creditors other

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 4, 1993, Gary Shepherd was shot and killed during a standoff with several members of the KSP Special Response Team.  On August 5, 1994, Mary Jane Jones, decedent's girlfriend, filed several claims on behalf of Jacob Shepherd, the couple's son, including the loss of parental consortium, and a claim filed under Ky. Rev. Stat. Ann. § 411.150 (permitting the child of a person killed by "the careless, wanton, or malicious use of a deadly weapon, not in self-defense, to sue the party that committed the killing" and any party that aided in the killing).  Jones also filed a personal injury claim, which she withdrew voluntarily.  Bill Wayne Shepherd, the decedent's brother, and representative of the decedent's estate, also filed a § 1983 action against the defendants.  The defendants are members of the Kentucky State Police Department.

On August 25, 1995, Billy Wellman, the former KSP police commissioner, filed a motion to dismiss the plaintiffs' § 1983 action on the grounds of absolute immunity.  The district court granted this motion in Wellman's favor on the grounds that the pleadings did not provide Wellman with notice that he was being sued in his individual capacity.

On June 6, 1997, the plaintiffs filed a partial summary judgment motion seeking a declaratory judgment that the KSP deadly force policy is unconstitutional.  This argument was first raised in the second amended complaint.  The district court did not permit the plaintiffs to file the second amended complaint because this additional amendment would have resulted in undue prejudice and delay.  The district court denied plaintiffs' partial motion for summary judgment because the constitutionality of the deadly force policy was not argued in the pleadings accepted by the court.  Plaintiffs are appealing the denial of their motion for partial summary judgment.

On January 28, 1998, Blum subpoenaed several witnesses, and requested juror questionnaires to investigate allegations of jury tampering in *Ford v. Provence (Ford I)*, an unrelated

case in which Blum represented another plaintiff against the Kentucky State Police Department. The Officers filed a motion for a protective order and sanctions to prevent the plaintiffs from using the instant case to conduct discovery for an unrelated case. The district court construed this motion as a motion for excess costs and attorneys fees under 28 U.S.C. § 1927. On June 24, 1998, after giving Blum an opportunity to explain why he should not be sanctioned, the district court granted the Officers' motion for sanctions because Blum had improperly used the instant litigation in order to conduct discovery in an unrelated case. On July 31, 1998, Blum was granted leave to withdraw as plaintiffs' counsel. Plaintiffs are appealing the sanctions order.

When a status conference was held on March 28, 2000, the plaintiffs had not obtained counsel. The district court ordered the plaintiffs to obtain counsel no later than 60 days following the entry of the order setting monetary sanctions against Blum. That order was entered on August 31, 2000. The plaintiffs did not secure counsel within 60 days of that order, nor did they timely respond to the Officers' motion to dismiss for failure to prosecute. On January 5, 2001, the district court granted the Officers' motion to dismiss for failure to prosecute. Plaintiffs are appealing this order.

On January 17, 2001, the officers filed a motion pursuant to Fed. R. Civ. P. 60 (b) to amend the judgment to dismissal with prejudice, because the statute of limitations had run on the plaintiffs' complaints. Plaintiffs did not respond to this motion, and the district court granted the motion in favor of the Officers. Plaintiffs appeal the amended order.

## ANALYSIS

### (1) *Plaintiffs' Motion for Partial Summary Judgment*

The plaintiffs filed a motion requesting that the district court declare the KSP deadly force policy unconstitutional. The district court found that the plaintiffs lacked standing to seek such declaratory relief. Plaintiffs now ask this court to declare the policy unconstitutional. They allege that the issue

1987)). Simple inadvertence and negligence are not grounds for imposing § 1927 sanctions. *See Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1996).

We agree with the district court's conclusion that Blum's conduct during discovery unnecessarily multiplied the proceedings, and fell short of his obligations as a member of the bar. The Supreme Court has held that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n. 17 (1978). Blum admits that he questioned whether the depositions should be noticed in the instant case. Even after the district court advised Blum that he should pursue other means of investigating the alleged jury tampering in *Ford I*, Blum did not withdraw his discovery requests. Since Blum's requests had no bearing on the instant case, we find that the district court did not abuse its discretion when it concluded that Blum's conduct warranted § 1927 sanctions.

Blum's allegation that the subpoenas were withdrawn before any costs were incurred lacks merit. The record indicates that Blum did not formally withdraw his subpoena requests with the court. Moreover, Blum conditioned this withdrawal upon the defendants' agreement to withdraw their motion for costs pending the outcome of *Ford I*, and Blum did not communicate his intent to withdraw to all of the defendants. As a result, we reject Blum's argument that the district court erred when it allowed the defendants to incur costs in responding to the subpoena requests.

We also reject Blum's argument that his requests for the juror qualification forms from *Ford I* were authorized under 28 U.S.C. § 1868. Section 1868 permits the public to inspect the record and papers compiled by the jury commission solely "for the purpose of determining the validity of the selection of any jury." 28 U.S.C. § 1868. However, because Blum was investigating post-trial allegations of jury tampering and not the selection of the jury, Blum's requests for juror questionnaires were not authorized under § 1868.

responsibility" over the KSP Special Response Team and was "charged with legal responsibility for the adequacy or inadequacy of its training and supervision."

Indeed, the plaintiffs' request for monetary damages is the only indication that they might be suing Wellman in his individual capacity. Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity. To so hold would be inappropriate, because the rest of the complaint so strongly suggests an official capacity suit. Furthermore, unlike in *Moore*, there were no subsequent pleadings in this case that put the defendant on notice that he was being sued as an individual.

For these reasons, we conclude that the district court's dismissal of the § 1983 action against Wellman was proper.

### (3)  *The Sanctions Award*

We review sanctions awarded under 28 U.S.C. § 1927 for abuse of discretion. *See Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368 (6th Cir. 1996). Under § 1927, sanctions may be awarded against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. We construe "vexatiously multiplying proceedings" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). We have also held that § 1927 sanctions are appropriate where "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)(quoting *In Re Ruben*, 825 F.2d 977, 984 (6th Cir.

is properly before us because both parties consented to litigate the constitutionality of the policy, even though the issue was not raised in the pleadings. The defendants maintain that they did not consent to litigate whether the deadly force policy was constitutional.

A federal appellate court generally does not consider an issue that was not considered below. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). This rule is one of prudence and does not limit our jurisdiction; we retain considerable discretion to decide questions not raised initially in the district court. *See United States v. Hayes*, 218 F.3d 615, 620 (6th Cir. 2000). The Federal Rules of Civil Procedure provide that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b). The record in this case does not support plaintiffs' allegation that the defendants impliedly consented to litigate the constitutionality of the deadly force policy. Therefore, the Federal Rules of Civil Procedure do not require us to consider this issue, and we decline to exercise our discretion to do so.

### (2)  *The Dismissal of the § 1983 Action Against Wellman*

We review a district court's grant of summary judgment *de novo*. *See Hammons v. Norfolk*, 156 F.3d 701, 704 (6th Cir. 1998). However, in the civil rights context, we scrutinize the dismissal of complaints with special care. *See Forest v. United States Postal Service*, 97 F.3d 137, 139 (6th Cir. 1996). We construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989), the Supreme Court held that the Eleventh Amendment bars § 1983 suits against a state and against state employees sued in their official capacities, unless the state has waived its immunity, or unless Congress has overridden the state's immunity under section 5 of the Fourteenth Amendment. As

a result, we require § 1983 plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989).

Where no explicit statement appears in the pleadings, this Circuit uses a "course of proceedings" test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether *Wells'* . . . concern about notice has been satisfied."). Under this test, we consider the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. *Id.* at 772 n.1. We also consider whether subsequent pleadings put the defendant on notice of the capacity in which he or she is being sued. *Id.*

In *Moore*, the court noted that the caption on the complaint listed only the defendant police officers' names, not their official titles, and that the complaint referred to the officers throughout as the "individual defendants." *Id.* at 773. The complaint also stated that the officers acted "for themselves and for the City." *Id.* Moore sought compensatory damages and punitive damages against "each of the defendants." *Id.* Based on these aspects of the complaint, the court concluded that the defendants were likely on notice that they were being sued as individuals. In addition, the *Moore* court found that the plaintiff's response to the officers' motion to dismiss "clarified any remaining ambiguity" when it stated that the officers were "being sued in their individual capacities." *Id.*

In the instant matter, the plaintiffs failed to specify in their complaint that they were suing Wellman as an individual,

rather than in his official capacity. The plaintiffs later amended their complaint, but the amended complaint also failed to specify the capacity in which the plaintiffs were suing Wellman. The plaintiffs filed a second motion to amend, in which they specified that they were suing Wellman as an individual. The magistrate judge denied the motion to amend, and the district court affirmed.

We review a district court's decision to deny leave to amend a complaint for abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the magistrate judge denied the motion to amend because he felt that an additional amendment "would cause undue delay." He also noted that the plaintiffs failed to clarify the capacities in which they were suing the defendants, even though they had an opportunity to do so in their first amended complaint. We think the magistrate judge had good reason to deny leave to file a second amended complaint, and that the denial was not an abuse of discretion.

The plaintiffs submit that their request for monetary relief in the first amended complaint gave Wellman the requisite notice that he was being sued as an individual. Wellman argues that the plaintiffs' § 1983 action is barred under the Eleventh Amendment because the plaintiffs failed to specify the capacity in which they were suing Wellman.

We begin with the complaint itself. We cannot say that either the original complaint or the first amended complaint placed Wellman on notice that he was being sued as an individual. If anything, the complaint suggests that Wellman was being sued in his official capacity. The amended complaint alleges that "Defendant Commissioner Billy Wellman at the time of the shooting of Gary Shepherd had overall charge of and supervisorial [sic] responsibility over the Kentucky State Police and was responsible for the training and supervision of officers in it." The complaint goes on to allege that the "murder" of Gary Shepherd "was clearly committed under color of state law." In the complaint, the plaintiffs also allege that Wellman "had  supervisorial [sic]