NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0333n.06
Filed: June 13, 2008

No. 06-3155

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES F. BEIL, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| LAKE ERIE CORRECTION RECORDS | ) | |
| DEPARTMENT; RICH GANSHEIMER, Warden; | ) | O P I N I O N |
| M A N A G E M E N T  &  T R A I N I N G | ) | |
| CORPORATION; RON RUSSLE; BODMAN; | ) | |
| SHANKS; BUREAU OF SENTENCE | ) | |
| COMPUTATION; MARY OAKLEY; TAMMY | ) | |
| GREY, | ) | |
| | ) | |
| Defendants-Appellees. | | |

BEFORE: ROGERS, COOK, McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** James F. Beil appeals a district court's judgment for the defendants in this civil rights action, alleging that his Eighth and Fourteenth Amendment rights were violated when a prison failed to reduce his sentence by 73 days of jail time credit. After review of the record and the applicable law, we affirm the judgment of the district court.

**BACKGROUND**

1

From May 10, 2002 until his release on October 10, 2003, Beil was incarcerated at the Lake Erie Correctional Institution ("LECI"), a private prison run by defendant Management Training Corporation ("MTC") through a contractual agreement with the State of Ohio. Beil alleges that Cuyahoga County, Ohio Common Pleas Judge McGinty awarded him 73 days of jail time credit. He argues that the defendants failed to apply the 73 days of jail time credit to reduce his sentence. He also claims that because of the attendant delay associated with his release from LECI, he was unable to receive treatment for a hernia and other medical problems.

On September 15, 2004, Beil filed a pro se complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e against defendants.[1] The following defendants were named by Beil: Lake Erie Correction Records Department ("LECRD")[2]; Rich Gransheimer, LECI's warden and MTC employee; MTC; Ron Russle,[3] MTC's senior vice president; Bodman, MTC's manager of corrections; Shanks, MTC's director of corrections (collectively referred to by the district court as the "nonstate defendants"); Bureau of Sentence Computation ("BSC"); Mary Oakley, BSC employee; and Tammy Grey, BSC employee (collectively referred to by the district court as the "state defendants").

---

[1]This opinion will not address in any depth Beil's Title VII or conspiracy claims. Because Title VII prohibits employment discrimination and Beil is not an employee of the defendants, the district court appropriately granted summary judgment in favor of the defendants on that claim. *See* J.A. 98. The district court also appropriately found that the allegation in the complaint, "This is like a conspiracy like my medical neglect," is insufficient to assert a claim under § 1985. J.A. 98 n. 3.

[2]Although initially characterized as a nonstate defendant, it was later learned that LECRD was, in fact, a state agency. Accordingly, for purposes of this opinion, LECRD's liability will be discussed with the other state defendants.

[3]For purposes of this opinion, the spelling of Russle will remain as it is spelled in the case caption, but we recognize in various places in the briefs and record it is spelled in different ways.

2

The state defendants moved to dismiss Beil's complaint for lack of subject matter jurisdiction. The district court concluded that Beil's claims against these defendants were barred by the Eleventh Amendment or were state-law claims against state employees cognizable in the Ohio Court of Claims under Ohio law, and therefore, the district court dismissed Beil's complaint with respect to all state defendants. The district court later granted LECRD its motion for judgment on the pleadings because it was determined to be a state agency. The district court subsequently granted the nonstate defendants their motion for summary judgment, finding that Beil did not raise any genuine issues of material fact.

## I. State defendants

On appeal, Beil argues that the district court erred when it dismissed the complaint against the state defendants for lack of subject matter jurisdiction. We review de novo a district court dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See Duncan v. Rolm Mil-Spec Computers*, 917 F.2d 261, 263 (6th Cir. 1990). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Here, the district court determined that Beil's claims against the state defendants were barred by the Eleventh Amendment or constituted state-law claims over which it did not have jurisdiction.

"Whether sovereign immunity exists is a question of constitutional law that we review de novo." *S&M Brands, Inc. v. Cooper*, _F.3d_, Nos. 06-5828, 06-5829, 2008 WL 2020019, at *4 (6th Cir. May 13, 2008) (citation omitted). The Eleventh Amendment to the Constitution provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. CONST. amend. XI. "Under current law, the Amendment is a bar to federal court jurisdiction whenever a private citizen attempts to sue a state." *See Lawson v. Shelby County*, 211 F.3d 331, 334 (6th Cir. 2000). Sovereign immunity applies not only to the states themselves, but also to "state agents and instrumentalities," *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997).

BSC is a subdivision of the ODRC, and as such, a state agency entitled to sovereign immunity provided by the Eleventh Amendment. The same can be said for LECRD.[4] As employees of BSC, Oakley and Grey, in their official capacities, are also entitled to Eleventh Amendment immunity. *See Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002).

Courts have, however, recognized three exceptions to the Eleventh Amendment bar where: (1) the state has consented to suit; (2) the circumstances first recognized in *Ex parte Young*, 209 U.S. 123 (1908), apply; or (3) Congress has abrogated the state's immunity. *See S&M Brands*, 2008 WL 2020019, at *5. Here, the first and the third exceptions are not even arguably implicated.

The second exception first recognized in *Ex parte Young* allows prospective injunctive and declaratory relief in certain circumstances. We have explained that:

Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law, *Will*, 491 U.S. at 71 & n. 10, regardless of whether compliance might have an ancillary effect

---

[4]While LECRD did not originally join the other state defendants in their summary judgment motion because it was unaware that it was a state agency, it later filed a motion for judgment on the pleadings on the same Eleventh Amendment grounds. We review de novo a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). A Rule 12(c) motion should be granted when, construing the complaint in the light most favorable to the plaintiff and accepting all factual allegations as true, the moving party is entitled to judgment as a matter of law. *See id.*

4

on the state treasury, *Edelman*, 415 U.S. at 667-68; *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir.1994). "It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n. 14 (1983) (citing *Ex parte Young*, 209 U.S. at 160-62). The *Ex parte Young* exception does not, however, extend to any retroactive relief. *Quern v. Jordan*, 440 U.S. 332, 338 (1979).

*S&M Brands*, 2008 WL 2020019, at *5. Because Beil seeks only retroactive relief inasmuch as he has already been released from LECI for serving the sentence that involves the improper application of the jail credit time at issue in his case, the *Ex parte Young* exception cannot save his claim.

The only remaining avenue for relief against the state defendants would be if Beil could recover against Oakley and Grey in their individual capacities, as opposed to official capacities. However, here, Beil has not specified in what capacity he is suing Oakley and Grey, let alone any of the defendants, and therefore, any such argument for relief fails.

"[W]e require § 1983 plaintiffs to 'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials.'" *Shepherd*, 313 F.3d at 967 (quoting *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)). We use a "course of proceedings test" to determine whether the § 1983 defendants received notice of plaintiff's intent to hold them liable in their individual capacities when no explicit statement appears in the proceedings. *Id.* at 967-68. While we found in *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc), that the plaintiff provided the requisite notice to defendants, we believe this case is more closely analogous in this respect to *Shepherd*, 313 F.3d at 969, where we found the defendants were *not* put on notice that they were being sued as individuals. Indeed, here, the only indicator that Oakley and Grey might be sued as individuals was Beil's request for monetary, compensatory damages. *See Shepherd*, 313 F.3d at 969 ("Although *Moore* recognizes that

5

the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity."). Therefore, Beil's claims are against Oakley and Grey in their official capacities and are thus barred by the Eleventh Amendment.[5]

Accordingly, we conclude that the district court's dismissal of Beil's claims against the state defendants was proper.

## II. Nonstate defendants

On appeal, Beil argues the district court erred when it granted summary judgment to the nonstate defendants. We review a "grant of summary judgment de novo, using the same Rule 56(c) standard as the district court." *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). "Initially, the moving party has the burden of proving that no genuine issue as to any material fact exists and that it is entitled to judgment as a matter of law." *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). When we review a district court's decision to grant summary judgment, we view all evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

---

[5]Because of our holding in this respect, we express no opinion today as to how any asserted claim against Oakley and Grey in their individual capacities would be resolved in the future. Specifically, we express no opinion today about whether said claim would be barred on res judicata grounds or whether Beil could overcome an assertion of qualified immunity in any event.

To state a claim under § 1983, a plaintiff must establish that (1) a person acting under the color of state law (2) deprived the plaintiff of a federal right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the district court determined Beil failed to establish a genuine issue of material fact on both accounts. *See* J.A. 95-98.

We are aware, as a general proposition, that courts have recognized the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence. *See e.g., Davis v. Hall*, 375 F.3d 703, 718-19 (8th Cir. 2004) (collecting cases from other circuits); *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989); *Moore v. Tartler*, 986 F.2d 682, 685-86 (3d 1993); *Campbell v. Peters,* 256 F.3d 695, 700 (7th Cir. 2001). Nonetheless, here, Beil did not establish the first requirement for a § 1983 claim because he has not raised a genuine issue of material fact that any of the nonstate defendants acted under the color of state law.

LECI is a private prison owned and operated by MTC pursuant to its contractual agreement with the State of Ohio's Department of Rehabilitation and Correction ("ODRC"). Ohio Revised Code ("O.R.C.") § 2967.191 authorizes ODRC to issue jail time credits:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

While O.R.C. § 9.06 authorizes the ODRC to contract for the private operation and management of correctional facilities in general terms, it forbids ODRC from delegating its duty to calculate good time credits and release dates to a private facility. *Compare* O.R.C. § 9.06(A)(1) *with* 9.06(C)(1)-(6).

Therefore, the district court appropriately found that the defendants "had no duty conferred upon them by state law with respect to the computation of release dates or good time credits," and therefore, the "defendants did not act, or fail to act under color of state law." J.A. 97; *see also Doe v. Claiborne County*, 103 F.3d 495, 512 (6th Cir. 1996) ("If state law does not impose a duty to take action, there is no conduit through which an exercise of state power can be said to have caused the constitutional injury." (internal quotations and citation omitted)).

Because of our finding in this respect, we need not consider whether defendants, in fact, *deprived* Beil of a federal right. It is worth noting, however, that defendants have submitted what the district court described as "uncontroverted evidence that they had no knowledge or personal involvement in plaintiff's alleged constitutional deprivation." J.A. 98. In particular, defendants did not believe they had an obligation to calculate Beil's release date and instead correctly believed that said responsibility rested with the ODRC. *See* J.A. 70-78 (Affidavits of Russle, Shanks, Bodman, and Gansheimer). Most importantly, the defendants did not even learn of Beil's jail time credit dispute until *after* he was released from LECI. *Id.*; *see also* J.A. 81-83 (plaintiff's admissions that confirm defendants Russle, Shanks, Bodman, and Gansheimer had no knowledge of his jail credit dispute until after his release from LECI).

Accordingly, summary judgment was proper for MTC and its four employees, Russle, Shanks, Bodman, and Gansheimer.

## CONCLUSION

For all the aforementioned reasons, we affirm the judgment of the district court in favor of all defendants. Based on our conclusions discussed above, we do not need to address various alternate grounds discussed by the district court in its relevant opinions.