**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0283n.06
Filed: April 15, 2009

**05-3995**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEVIN M. GREGG, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SBC/AMERITECH, et al., | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MERRITT, DAUGHTREY, and MOORE, Circuit Judges.

PER CURIAM. The plaintiff, Kevin Gregg, filed numerous lawsuits – now consolidated – against defendants SBC/Ameritech and SBC/Ameritech employees Mike Hay, Dan Wiley, Joel Hall, and Tom Keenan. In those *pro se* filings, Gregg raised claims of racial discrimination and retaliation under Title VII, 42 U.S.C. §§ 2000e - 2000e-17, under 42 U.S.C. § 1981, and under Ohio Revised Code § 4112.02; claims of breach of contract and breach of the duty of fair representation under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; claims of unpaid overtime and retaliation in violation of section 207(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1); and a claim of intentional infliction of emotional distress under Ohio state law. The district court eventually granted summary judgment to the defendants on each of Gregg's substantive law claims arising from employment decisions rendered, and various activities undertaken,

during Gregg's tenure as a telephone technician with SBC/Ameritech. The plaintiff now appeals that ruling, as well as numerous procedural rulings made by the district court during the pendency of this litigation.

The 25 issues set out by Gregg on appeal can be categorized into procedural issues challenging numerous non-dispositive rulings made by the district judge and substantive issues challenging the district court's grant of summary judgment on the plaintiff's claims arising under Title VII; 42 U.S.C. § 1981; anti-discrimination provisions in Ohio Revised Code § 4112.02; breach of contract and of the duty-of-fair-representation provisions of 29 U.S.C. § 185; unpaid overtime and retaliation provisions in 29 U.S.C. § 207(a)(1); and Ohio tort law. The district court issued a 40-page opinion addressing the parties' summary judgment motions that recounted the facts pertinent to the substantive issues now before this court and applied the relevant law to those facts. Because the district court's analysis is largely correct and, certainly, reached the correct result with regard to the merits of the issues raised in that court, a detailed recapitulation of the necessary background information and of the legal analysis to be employed in the resolution of the issues raised would be largely duplicative and would serve no useful or precedential purpose. *See Gregg v. SBC/Ameritech*, Nos. 2:02-CV-980, 2:02-CV-1232, 2:03-CV-636, 2005 WL 1514114 (S.D. Ohio June 24, 2005).

We nevertheless are at pains to address one of the issues raised below that was properly addressed by the district court simply because it received so much emphasis on

appeal. The plaintiff contends that the district court's treatment of his racial discrimination claim regarding his ultimate termination was flawed. Specifically, Gregg argues that although he was initially disciplined for making an extraordinarily high number of *long-distance* calls on company cell phones – in comparison with other SBC/Americtech technicians – no evidence of the severity of discipline meted out to similarly-situated employees for abuse of *local* cell-phone privileges was introduced. We find no merit to this argument.

First, because the allegation of disparate treatment among similarly-situated employees is an element of the plaintiff's *prima facie* case, it was Gregg, not SBC/Ameritech, who bore the burden of undertaking that analysis. Second, the record makes clear that the lack of such evidence was less a function of the failure to offer available proof than it was an impossibility. The simple fact is that no other employee under the direction of Gregg's supervisor had compiled a comparable record of unauthorized diversions from work activity, abuse of company policy regarding cell-phone usage, and misuse of customer telephone equipment. Under these circumstances, the absence of evidence regarding any discipline imposed on other employees for unauthorized local calls made on company cell phones does not call into question the district court's summary judgment ruling, simply because no other employee was in fact similarly situated to Gregg.

Moreover, to the extent that Gregg's argument can be construed to assert that his termination for making local calls on company time and company equipment was improper because he was not on notice of the impropriety of such usage, that argument is also without merit. In his deposition, Gregg testified that, after his suspension for making personal long-distance phone calls on company cell phones, his supervisor, Thomas Keenan, explained:

> Personal calls are not supposed to be made and it's considered a Code of Conduct violation and tech expectations, and then he turns right around and says but we [SBC/Ameritech management] understand that there are times you are going to need to make personal calls and if you have to call your wife and tell her you are going to be late, whatever, you know, you can make some personal calls, basically not to abuse it, or something to that effect.

Clearly, permission to inform family members of unanticipated, work-related delays was not tantamount to blanket permission to use company equipment for any purpose. Just as clearly, Keenan's admonition extended to both local and long-distance phone calls, so that Gregg cannot now legitimately assert that he thought that there was no restriction on local cell-phone usage for personal calls. Consequently, the "118 non-business related telephone calls" that the plaintiff made on a company cell phone *after* his ten-day suspension for making unauthorized long-distance calls more than justify the action taken by SBC/Ameritech against Gregg.

Having found that the substantive issues raised on appeal do not merit relief, we now direct our attention to the numerous procedural aspects of this litigation that are challenged by the plaintiff.

**District Court's Refusal to Enforce Arbitration Agreement**

Gregg first insists that the district court erred in an order entered on December 18, 2003, that failed to mandate enforcement of an alleged arbitration award in the plaintiff's favor. As explained by the district judge in his summary judgment opinion, following SBC/Ameritech's suspension and then termination of the plaintiff, Gregg availed himself of the grievance procedure provided for in the collective bargaining agreement between the company and his union, the Communication Workers of America. Pursuant to that process, Gregg first submitted to an informal "neutral evaluation process" whereby an evaluator questioned both parties to the dispute and rendered an "advisory opinion." Because the company chose to reject the evaluator's opinion, however, the case was "deferred to the regular arbitration process," of which Gregg never availed himself. Consequently, no true "arbitration award" has yet issued, and the district court thus did not err in refusing to enforce a non-existent award.

On appeal, Gregg contends that the "advisory opinion" was never properly rejected by SBC/Ameritech because the agreement between the company and union called for *written* notification of a party's refusal to abide by the terms of the opinion within two working days of its issuance. Although SBC/Ameritech gave only an *oral* rejection of the

advisory opinion within the appropriate two-day period, both the company and the union agreed, even before Gregg's case was heard, that such non-written notification "would be sufficient. This has been the practice. Therefore, the fact that there is no such written document is not meaningful."

## District Court's Alleged Denial of Additional Discovery

After the Equal Employment Opportunity Commission (EEOC) issued Gregg a letter granting him the right to sue SBC/Ameritech for failing to reinstate him to his position as suggested by the neutral evaluator's "advisory opinion," Gregg filed an amended complaint containing the same claim involved in the EEOC proceeding and a motion requesting additional time for discovery. Specifically, the plaintiff requested "time to receive and review any of the EEOC evidentiary submissions, via the [Freedom Of Information Act], so he can be able to make a better informed decision as to whether or not to possibly include his International union or Local as Defendants." That motion was denied by the district court, and Gregg now alleges error in that ruling.

We review a district court's decision limiting discovery for an abuse of discretion. *See Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). Because the amended complaint triggering the request for additional discovery in this matter involved the plaintiff's assertion that the terms of an advisory opinion should be enforced, and because Gregg had filed a complaint containing just such an allegation six

months previously, he already had enjoyed sufficient access to the necessary discovery information.  The district court thus did not abuse its discretion in denying the motion.

## Denial of Motions to Strike

Plaintiff Gregg next asserts that the district court erred in failing to strike affidavits offered by Diana Bottalla, an employee-relations manager at SBC/Ameritech, and Ronald Wells, the vice-president of labor relations for SBC/Ameritech.  The plaintiff contends that Bottalla's affidavit was improperly considered by the court because the information therein was not limited to employees who were similarly situated to the plaintiff.  Furthermore, Gregg maintains that Wells's name was not provided to him by the defendants in a timely fashion and, thus, the affidavit authored by that individual should not have provided a basis for the district court's summary judgment ruling.  Again, the district judge did not abuse his considerable discretion in making these evidentiary rulings.

First, Bottalla's affidavit merely attached a discipline report she "consulted when discussing the proper discipline to be given to Kevin M. Gregg for misuse of his company-issued cellular telephone with his manager, Tom Keenan."  The affidavit and attachments do not purport, however, to reference discipline only of similarly-situated employees, but rather seek to provide a framework for all discipline imposed "in SBC's Midwest Region in 2001 for misuse of the Company cellular telephones."  There was no error in refusing to strike such background information employed by the company in determining the appropriate discipline to be imposed.

Second, Wells's affidavit, even if untimely, was merely cumulative of other information already before the court. In the affidavit, the vice-president of labor relations stated that SBC/Ameritech had timely rejected the advisory opinion issued by the neutral evaluator pursuant to the collective bargaining agreement between the company and the union. The court already had before it, however, the June 5, 2003, letter from the union to Gregg clearly expressing the union's recognition that the company rejected the advisory opinion. Any error in this regard, therefore, did not affect the ultimate determination of the district judge.

**Denial of Motion for Leave to Amend and Alleged Grant of Motion to Strike**

Gregg also insists that the district court should have allowed him to amend his filings to provide additional authentication for exhibits offered. In fact, however, the district judge ruled that the court "shall consider proper evidence to which it is directed in some discernible manner," even though the defendants moved "to strike all of the exhibits that Gregg has attached to his memorandum in opposition 'because none of the documents have been authenticated or certified according to the requirements of Rules 901(b)(7), 902(4), and 44(a) of [the] Federal Rules of Evidence.'" The defendants' motion thus was not granted by the court, and Gregg has suffered no harm from the refusal of his request to provide additional authentication.

**Denial of Request for Court-Appointed Counsel**

Gregg contends that the district court further erred in refusing his request for court-appointed counsel. We review such a denial for abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Because this is a civil case, the plaintiff has no constitutional right to have counsel appointed. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Lavado*, 992 F.2d at 605. Indeed, only in exceptional circumstances will the privilege of court-appointed counsel be justified in a civil case. *See Lavado*, 992 F.2d at 606. As we noted in *Lavado*:

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." This generally involves a determination of the "complexity of the factual and legal issues involved." Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.

*Id.* (citations omitted and paragraph formatting altered).

As clearly noted in the district court's decisions in the substantive aspects of this litigation, Gregg's prospects for success on his claims of discrimination, retaliation, labor law violations, and transgressions of state law were not good. Consequently, the district judge did not abuse his discretion in denying the plaintiff's request for appointed counsel.

**Denial of Motion for Verification**

Nine months prior to filing his motion for summary judgment, Gregg filed with the district court a document styled "motion for verification." In that motion, he asserted that

three pages of SBC/Ameritech's Asset Protection Report were not provided to the judge

for review prior to the court's ruling on redaction of certain elements of the evidence. The

plaintiff now argues that denial of that motion constituted an abuse of the district court's

discretion in this matter. As the district court ruled, however:

> Plaintiff's concern that a failure by Defendant SBC/Ameritech to have properly disclosed all of the Asset Protection Report will result in an inability to prove his claims reflect[s] a premature attempt at controverting Defendant SBC/Ameritech's evidence. If Plaintiff is correct and he indeed possesses records that contain material different from that which Defendant SBC/Ameritech represents to be a complete record of the same material, then he can attack that evidence at trial using his records. He can also attempt at trial to impeach witnesses based on the alleged discrepancies. Further, should Defendant SBC/Ameritech rely upon incomplete material in moving for summary judgment, Plaintiff can submit his copies of the material in opposition to that motion. In other words, the time for impeachment or to create an issue of fact is not yet ripe.

This resolution of the plaintiff's challenge is certainly reasonable and does not amount to

an abuse of the district judge's discretion.

**Denial of Motion to Amend Claim for Spoliation**

According to the district court's own "incomplete count," plaintiff Gregg had filed "at

least ten motions for leave to file an amended complaint, an original complaint, and five

amended complaints" in just one of the consolidated cases in this litigation. Eventually,

therefore, the court ordered that "Plaintiff shall file an amended complaint, which **must**

include **all** claims he seeks to assert, by August 20, 2004." Gregg did file just such an

amended complaint on August 19, 2004, although he "later sought to amend that filing by adding documents that he asserted he forgot to attach to his pleading." The district court permitted the limited amendment, but the plaintiff then moved – after the August 20 deadline – to amend his pleadings by adding yet an additional claim alleging spoliation of evidence by the defendants. Gregg now challenges the district judge's denial of that additional motion to amend.

Pursuant to the provisions of Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." "Nevertheless, the party requesting leave to amend must act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation and internal quotation marks omitted). In this case, the district court noted that "[t]he record is replete with evidence of Plaintiff's bad faith." Indeed, the district judge explained that Gregg admitted he "knew of much of the purported basis for this claim at least as far back as April 9, 2004," but that he still failed "to include or to attempt to include this claim in the three amended complaints he subsequently filed" or "to comply with the Court's specific directive to assert all his claims in his last permitted pleading." Under such circumstances, the district judge did not abuse his discretion in denying the motion to amend his complaint. *See id.* ("We generally review a district court's denial of a motion to amend a complaint for abuse of discretion.").

## Imposition of Sanctions

- 11 -

Despite a warning from the district court that any further redundant filings by the plaintiff would result in sanctions, Gregg continued to paper the court with motions raising issues and objections that had previously been lodged. Consequently, the district judge determined that "Plaintiff has abused the process and has unnecessarily delayed these proceedings" and imposed a $200 fine on Gregg. The propriety of such a sanction is reviewed by this court only for an abuse of discretion. *See Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007). Given the fact that the district judge "repeatedly warned" the plaintiff about the need to cease his redundant filings, his determination "that Plaintiff's tactics only serve to harass opposing counsel and unnecessarily complicate this Court's docket," and his conclusion that the "Plaintiff has abused the process and . . . unnecessarily delayed these proceedings," the district judge did not abuse his discretion in sanctioning Gregg in this matter.

## Motion for Recusal

Gregg also challenges an order of the district court denying the plaintiff's motion filed pursuant to 28 U.S.C. §§ 144, 455(a), and 455(b)(1) asking the district judge to disqualify himself due to alleged bias. In that order, the district court carefully addressed each of the plaintiff's allegations of judicial bias, applied the relevant law, and correctly concluded "that Plaintiff has presented insufficient grounds warranting the disqualification of the . . . judge pursuant to 28 U.S.C. § 144" and that "[t]here are also no grounds for

disqualification under 28 U.S.C. § 455." For the reasons adequately detailed in the district

court's order, we conclude that this issue is also without merit.

## **CONCLUSION**

For the reasons set out above, we AFFIRM the judgment of the district court.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in this court's judgment.