NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0067n.06

No. 16-1307

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 25, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MEYER KNOPF, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ELITE MOVING SYSTEMS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    BATCHELDER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge.  Attorney Stuart Sandweiss represented Meyer Knopf in a suit against Elite Moving Systems after Knopf's belongings were damaged during a move from California to Michigan in 2010.  The parties reached a mediated settlement on December 1, 2014 but were unable to finalize the settlement for another six months, in large part due to Sandweiss's failure to respond to e-mails from Elite's counsel.  Finally, Elite filed a Motion to Compel Settlement, which the district court granted.  The district court also held that Sandweiss's delays had unreasonably and vexatiously multiplied the proceedings, sanctioned Sandweiss, and required him to pay Elite $855 in costs and fees incurred in filing the Motion to Compel Settlement.  Sandweiss appealed these sanctions, but the district court did not abuse its discretion.

These sanctions arise out of delays in finalizing a mediated settlement, but this litigation has faced delays from the very beginning. Knopf filed his first claim against Elite on June 19, 2013, but the complaint was dismissed due to Sandweiss's failure to properly serve the summons and complaint within 120 days. Knopf filed his second claim on October 31, 2013. Sandweiss successfully served the summons and complaint on Elite by February 28, 2014, and Elite filed its answer and affirmative defenses on March 14, 2014. However, the litigation stalled again due to Sandweiss's delays. Sandweiss delayed in drafting a discovery plan, forcing the district court to issue an order scheduling a discovery conference. Sandweiss then completely failed to answer or respond to Elite's interrogatories, forcing the district court to issue an order compelling Knopf to respond. In its order, the district court noted that "an award of sanctions is supportable," but deferred judgment pending final disposition of the case.

On October 27, 2014, the district court ordered the parties to engage in court-supervised mediation. The parties mediated on December 1, 2014 and settled the case in one day. Both parties and their counsel signed a worksheet that made clear that the defendant would pay $14,000 to the plaintiff and cover the cost of facilitation, and the plaintiff would release all claims against the defendant. This should have been the end of the matter, but litigation would in fact continue for another year.

On December 4, 2014, Elite e-mailed Sandweiss to memorialize the agreement reached on December 1, 2014. Elite asked for Knopf's signature on a Release of all claims against Elite, Sandweiss's signature on a proposed Stipulation & Order for Dismissal with Prejudice that would concurrently be filed with the district court, and information necessary to make payment to Knopf. Sandweiss did not respond.

On December 8, 2014, Elite sent another e-mail, again asking Sandweiss for the settlement documents and payee information. Sandweiss responded that he had not seen the settlement documents because he had been out of town. Elite responded the same day, confirming that it had sent the settlement documents by e-mail and U.S. mail on December 4, 2014. Sandweiss did not respond.

On December 15, 2014, Elite sent yet another e-mail, once again asking for the settlement documents and payee information. Sandweiss did not respond. Sandweiss contends that his lack of response in December was due to "personal issues" and "out of town trips," and that, at one point, he "was stranded in Ontario after his car caught on fire."

On January 8, 2015, Elite's counsel e-mailed Sandweiss again, requesting the settlement documents and payee information for a fourth time. Elite's counsel further stated, "If I do not hear from you promptly I will file a motion to compel and seek sanctions." Sandweiss responded that he had been "tied up and dropped the ball," and that he would "try to take a look at this in the next day or so."

Here, the parties' accounts diverge. Sandweiss contends that he spoke with his client, who objected to the "broad" language in the release that would require the client not to bring any claims against Elite's "successors" and "predecessors." Sandweiss further contends that he sent an e-mail to Elite's counsel on January 9, 2015, asking for these words to be removed from the agreement. Elite counters that it never received the January 9th e-mail. As evidence of this non-receipt, Elite's counsel later provided the district court with a log from its servers of e-mails received from Sandweiss. This log indicates that Elite's counsel received e-mails from

Sandweiss on January 8, 2015, and May 28, 2015, but not on January 9. If Sandweiss did send an e-mail on January 9, Elite's counsel did not respond, and Sandweiss did not follow up.

On February 3, 2015, Elite filed a Motion to Compel Settlement. Elite asked the court to compel Knopf to sign the release. Elite also asked the court to sanction Sandweiss for failing to finalize the agreement. This motion to compel and sanction Sandweiss stated that Elite had sought to comply with the district court's Local Rule 7.1(a)—which requires movants to obtain concurrence for motions, or, if concurrence is not obtained, state in their motions that there was a conference regarding the motion or that that the movant was unable to conduct a conference. E.D. Mich. R. 7.1(a). The motion stated that "Elite's counsel was unable to obtain concurrence in this Motion."

The Motion to Compel Settlement was served on Sandweiss through the district court's electronic filing system. Sandweiss did not respond. On appeal, he admits that he missed seeing the motion because he was "on vacation in Florida."

On May 28, 2015, after receiving no response from Sandweiss, the district court granted Elite's Motion to Compel Settlement. The district court ordered Knopf to provide a signed settlement agreement and release, as well as a signed order of dismissal, within fourteen days. The district court also held that Sandweiss had "unreasonably and vexatiously" multiplied the proceedings within the meaning of 28 U.S.C. § 1927, and therefore granted Elite's request for sanctions. The court ordered Sandweiss to personally pay for the attorneys' fees and costs incurred in preparing and filing the Motion to Compel Settlement. Per the court's instructions, Elite filed a separate Statement of Attorneys' Fees, requesting $855.00 for 3.8 hours of work, which the district court later deemed reasonable.

Sandweiss then reached out to Elite. He asked that Elite include a sentence in the release that would specifically exclude "Remington Movers, LLC," a company Sandweiss contends his client may have had a claim against due to its involvement in the move. On June 10, 2015, Elite agreed to include a sentence on Remington Movers in the release; otherwise, the release was unchanged from the original draft provided in December. Sandweiss and his client signed the amended release, thus finally concluding the substantive case.

On June 11, 2015, Sandweiss filed an objection to the district court's award of sanctions. Sandweiss referred to the January 9, 2015 e-mail he claims he sent Elite's counsel, and accused Elite's counsel of failing to respond. Sandweiss further argued that he refused to finalize the settlement agreement not because of dilatory litigation practices, but because his client had objected to an "overbroad" agreement that might be construed as a release of Remington Movers.

On September 1, 2015, the district court overruled Sandweiss's objection, reaffirming his sanctions under 28 U.S.C. § 1927. The court noted that Elite had adduced its server logs to show that it never received the January 9th e-mail. The court further reasoned that even if Sandweiss had sent the January 9th e-mail, he should have followed up on the e-mail after Elite did not respond, instead of waiting until he was sanctioned on May 28. Finally, the court noted that Sandweiss's proffered reason for delay was unreasonable, because the original release could not reasonably be read to refer to any company except Elite and its previous or subsequent incarnations.

On September 27, 2015, Sandweiss moved to set aside his sanctions. On February 1, 2016, the district court denied Sandweiss's motion. Sandweiss then appealed.

The district court's imposition of sanctions under 28 U.S.C. § 1927[1] in this case was not an abuse of discretion. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (stating scope of review). It is undisputed that Sandweiss failed to respond to several e-mails in December and also failed to respond to Elite's Motion to Compel Settlement in February. Sandweiss concedes as much, blaming "personal issues," "out of town trips," and a "vacation in Florida" for his delay. Sandweiss accordingly bases his argument against sanctions primarily on the e-mail he purportedly sent on January 9th objecting to the release of Elite's predecessors and successors. However, Elite has provided logs from its servers showing that it never received this purported e-mail, undermining Sandweiss's account of events. Furthermore, even if Sandweiss did send the January 9th e-mail, he should have followed up after receiving no response from Elite; instead, he did nothing for four months, until he realized that the district court had issued an order compelling settlement and sanctioning him on May 28. In addition, Sandweiss's previous delays had stalled the adoption of a discovery plan, and later forced Elite to move to compel Knopf to answer its interrogatories. In this context, it was reasonable for the district court to require Sandweiss to pay the $855.00 Elite incurred in preparing the Motion to Compel Settlement.

Sandweiss makes several arguments to resist this conclusion. All are unpersuasive.

First, Sandweiss argues that Elite's counsel violated Local Rule 7.1(a) because he failed to obtain or seek concurrence in the February 3rd motion to sanction Sandweiss. Local Rule 7.1(a)(1) establishes a general rule that a movant must obtain concurrence on a motion. E.D. Mich. R. 7.1(a)(1). Local Rule 7.1(a)(2) permits movants not to obtain concurrence so long as

---

[1] The statute provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

(A) there was a "conference between attorneys . . . on the motion" or (B) "despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. R. 7.1(a)(2). Sandweiss argues that he did not concur in the motion to sanction him, that Elite did not confer with him regarding the motion, and that Elite's motion did not specify its reasonable efforts to conduct a conference. Therefore, argues Sandweiss, the district court abused its discretion when it granted the motion to sanction him. Sandweiss did not make this argument to the district court, however, and "an argument not raised before the district court is waived on appeal to this Court." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 615 (6th Cir. 2014) (quotation omitted).

Second, Sandweiss argues that even if his conduct appears flawed in hindsight, it does not rise to the level of unreasonably and vexatiously multiplying proceedings under 28 U.S.C. § 1927. He claims that his client refused to sign the original settlement agreement that did not mention Remington Movers, and therefore that his delay in finalizing the agreement was not made in bad faith. He urges this court to adopt the Second Circuit's reasoning that sanctions under 28 U.S.C. § 1927 require some showing of bad faith, e.g., that his actions were undertaken in order to harass or delay. *See Olivieri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). He further claims that his conduct was, at worst, negligent, and he cites published Sixth Circuit opinions that "[s]imple inadvertence or negligence . . . will not support sanctions . . . ." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006); *see also Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996). He further argues that his actions should not be judged in hindsight, but as of the time he acted.

Sandweiss misreads this circuit's law. "Section 1927 sanctions are warranted when an attorney *objectively* 'falls short of the obligations owed by a member of the bar to the court and

which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)) (emphasis added). "Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate." *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016). Thus, sanctions under 28 U.S.C. § 1927 "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389, 396 (6th Cir. 2009);*Red Carpet Studios*, 465 F.3d at 646; *In re Ruben*, 825 F.2d at 984.[2]

Although there is no showing of bad faith here, the district court did not abuse its discretion in treating Sandweiss's failure to finalize a settlement agreement as involving more than negligence or incompetence. It took Sandweiss almost six months to insert a single sentence into the release excluding Remington Movers. This delay was not due to a disagreement about whether the release should exclude Remington Movers—Elite willingly agreed to exclude Remington Movers from the release once Sandweiss actually made the request on June 10, 2015. Rather, this delay was due to Sandweiss's failure to respond to e-mails in December and January, failure to follow the case electronically in February, and failure to follow up on the case in March, April, and May. Furthermore, this delay forced Elite to file a motion to compel settlement, which cost Elite time and money. Not every delay, and not even every unjustified delay, warrants § 1927 sanctions. But given Sandweiss's history of delay and the very minimal steps necessary to finalize the settlement, it was not an abuse of discretion to

---

[2] This court's objective standard for § 1927 violations was first announced in *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). We have previously noted the tension between *Jones* and cases from the Second, Third, Seventh, Ninth, and Eleventh Circuits, including *Oliveri*, holding that "a finding of bad faith is a prerequisite to the imposition of sanctions under section 1927." *See Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 n.2 (table) (6th Cir. 1993) (citations omitted). Even if we found *Oliveri* and similar cases persuasive, we are not free to depart from this court's binding precedent.

impose a modest sanction and require Sandweiss to compensate Elite for the $855.00 incurred in moving to compel settlement.

Third, Sandweiss argues that $855.00 for 3.8 hours of work is unreasonable and asks this court to reduce the sanctions amount. Elite submitted billing records showing its counsel spent 3.8 hours drafting its ten-page Motion to Compel Settlement, researching the relevant law, and organizing its past correspondence with Sandweiss into exhibits. It was not an abuse of discretion for the district court to conclude that this was reasonable in relation to the work performed.

Finally, Elite asks that Sandweiss be sanctioned again, this time under Fed. R. App. P. 38, which allows this court to "award just damages and single or double costs to the appellee" if it determines that an appeal is frivolous. However, the plain text of Rule 38 makes clear that this court may do so only "after a separately filed motion or notice from the court and reasonable opportunity to respond." *Id.*; *see Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 n.7 (6th Cir. 1997). Elite has not separately filed a motion. In any event, while we reject Sandweiss's arguments, we do not deem the appeal to have been frivolous within the meaning of Rule 38.

For the foregoing reasons, we affirm the judgment of the district court.