NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0507n.06

**No. 13-2495**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MICHAEL DWAYNE THOMAS, | ) | **FILED** |
|  | ) | Jul 17, 2015 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| LYNN NODER-LOVE, et al., | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | OPINION |
|  | ) |  |
|  | ) |  |

**BEFORE**: COLE, Chief Judge; KETHLEDGE, Circuit Judge; and OLIVER, District Judge.[*]

**OLIVER, District Judge.** Plaintiff Michael Thomas ("Plaintiff" or "Thomas"), appeals from the order of the district court granting Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we AFFIRM the district court's decision.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 24, 2011, an unknown man assaulted another man with a stun gun in the University of Michigan hospital. A surveillance camera captured the assailant as he was leaving the scene of the assault. Lynn Noder-Love ("Noder-Love"), a hospital manager, reviewed the surveillance footage ("Footage") and misidentified the assailant as Thomas, a former employee.

---

[*] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

Detective Ryan Cavanaugh ("Cavanaugh") and Washtenaw County Sheriff's Deputies Scott Heddle ("Heddle") and William Coggins ("Coggins") then arrested Thomas on June 27, 2011.

Two days later, Cavanaugh appeared before a Michigan district court judge for a probable-cause hearing. At the time of the hearing, Cavanaugh had a copy of a photo of the assailant from the Footage ("Footage Photo") and Thomas's booking photo ("Booking Photo") "and knew that [Thomas] was not the individual in the surveillance footage." (First Am. Compl. at ¶ 13.) Yet Cavanaugh swore before the judge that a witness had positively identified Thomas as the man in the Footage. Cavanaugh also failed to inform the judge that, even though the assault victim knew Thomas, the victim did not identify Thomas as his assailant after the victim viewed the Footage. Cavanaugh did not show the judge the Footage, Footage Photo, or Booking Photo during the hearing.

Based on Cavanaugh's statements, the judge issued a warrant for Thomas's arrest and detention. Thomas was then arraigned on weapons and assault charges. A week later, the charges were dropped after the prosecutor reviewed the Footage and Booking Photo and determined that Thomas was not the man in the Footage.

In June 2013, Thomas brought § 1983 claims against Noder-Love, Detective Cavanaugh, Deputies Heddle and Coggins, the University of Michigan, and the University of Michigan Health System (both the University of Michigan and the University of Michigan Health System are properly referred to as "the Board of Regents of the University of Michigan" or the "Regents"). He also brought various state-law claims against each Defendant. On August 19, 2013, Cavanaugh and the Regents moved to dismiss the complaint for failure to state a claim, and on immunity grounds. Thomas did not file a response. On September 26, 2013, Cavanaugh and the Regents filed a supplemental brief to notify the district court that Thomas had failed to

defend against their Motion. On October 2, 2013, the district court dismissed the entire case, holding that Thomas's allegations failed to state a claim against any of the Defendants. The court's decision was based in part on its conclusion, after comparing the Footage Photo with the Booking Photo, that the persons in each looked similar. The court did not reach the immunity issues. On October 16, 2013, Thomas moved for reconsideration; the court denied the Motion five days later. This appeal followed.

## II. STANDARD OF REVIEW

We review a Rule 12(b)(6) dismissal *de novo*. *See Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014). To state a claim, the complaint must allege sufficient facts that, taken as true, state a plausible claim for relief. *See id.* In determining whether a plausible claim for relief has been stated, a court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss" without converting the motion to dismiss into a motion for summary judgment, *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation marks omitted) (internal brackets omitted). However, a court may only do so if it does not require the court to "weigh the evidence or evaluate the credibility of witnesses," *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994).

In deciding a Rule 12(b)(6) motion to dismiss, the court construes the facts in the light most favorable to the plaintiff. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). The complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To survive a 12(b)(6) motion, the plaintiff must sufficiently plead facts that, when taken as true, "contain either direct or inferential allegations respecting all material elements necessary for

recovery under a viable legal theory." *D'Ambrosio*, 747 F.3d at 383 (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)) (internal quotation marks omitted). The court cannot accept a plaintiff's legal conclusions, conclusory allegations, nor "a formulaic recitation of the elements of a cause of action," as sufficient to survive a motion to dismiss. *Id.*

## III. ANALYSIS

Plaintiff raises a number of issues on appeal in support of his argument that the trial court improperly granted Defendants' Motion to Dismiss. He asserts that the Motion should not have been granted because his time to respond to Defendant's Motion had not expired at the time the district court dismissed the case. (*Id.* at 16.) He also maintains that the court improperly converted Defendant's Motion to Dismiss into a Motion for Summary Judgment when the court compared the Footage Photo to the Booking Photo; in so doing, the court impermissibly weighed the evidence. (Appellant's Br. at 6.). In addition, he asserts that such Motion should not have been considered without his having the opportunity to conduct discovery before responding. (*Id.* at 12.) Lastly, he argues that the district court should not have granted the Motion as to all Defendants since only the Regents and Cavanaugh moved to dismiss. (*Id.* at 14.)

All Defendants argue that the Motion to Dismiss was properly granted for failure to state a claim. Additionally, Defendants the Regents and Cavanaugh argue that Plaintiff's claims against them are barred under the Eleventh Amendment doctrine of sovereign immunity and the Michigan Governmental Tort Liability Act.

### A. Proper Timing of Granting 12(b)(6) Motion

Plaintiff argues that the district court erroneously granted Defendants' Motion before Plaintiff's time to respond had expired. Specifically, Plaintiff argues that Defendants filed an

amended pleading on September 26, 2013, giving Plaintiff until October 10, 2013, to file a response pursuant to Federal Rule of Civil Procedure 15(a)(1)(3). This court disagrees.

Under Federal Rule of Civil Procedure 15(a)(1)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond or within 14 days after service of the amended pleading, whichever is later." However, Defendants' Reply was not an amended pleading for purposes of Rule 15(a)(1)(3). Rule 7(a) defines a pleading as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third party complaint; (6) an answer to a third party complaint"; or (7) a court-ordered reply to an answer. Fed. R. Civ. P. 7(a). Defendants' Reply does not fit any of these categories. Defendants' Reply was merely a request for the court to rule on their Motion to Dismiss. Thus, Plaintiff did not have an additional fourteen days after the Reply was filed to file a response.

Defendants filed the Motion to Dismiss on August 19, 2013. Under Eastern District of Michigan Local Rule 7.1(e)(1), a party must file a response to a dispositive motion within twenty-one days of service. E.D.Mich. LR 7.1(e)(1)(B). Therefore, Plaintiff's response was due on September 12, 2013. *See id.*; Fed. R. Civ. P. 6(d). On September 26, 2013, Defendants filed the Reply, informing the district court that Plaintiff had already missed the deadline and moving the court to grant the Motion to Dismiss. The district court granted the Motion to Dismiss on October 26, 2013, over a month and a half past the deadline. Plaintiff never filed a response, a motion for extension of time, or a motion to amend his Complaint. Thus, there is no basis for this court's reversal of the district court's granting of the Motion to Dismiss on the ground that the court rendered a decision before the expiration of Plaintiff's time to respond.

## B. Transformation of Motion to Dismiss into Summary Judgment Motion

This court reviews whether the district court erroneously considered the Footage Photo and Booking Photo in deciding Defendants' Motion to Dismiss, thereby converting the Motion into a motion for summary judgment.

This court finds that the district court's evaluation of the likeness between the man in the Footage Photo and the man in the Booking Photo was erroneous. Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); s*ee also Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) (holding that the district court was obligated to either not consider photographs of an apartment complex submitted on a motion to dismiss or convert the motion into a motion for summary judgment).

While the Footage and Booking Photo were both referred to in the Complaint and central to the claims contained therein, deciding whether the man in the Footage Photo and the man in the Booking Photo looked similar in appearance was not a matter appropriate for resolution by a motion to dismiss. Such a comparison raises issues of fact that are only properly resolvable at trial. Here, the judge assumed that the Footage Photo and Booking Photo attached to the motion to dismiss were the photos referenced in the Complaint, determined for himself that the two men pictured looked alike, and then rejected the Complaint's allegations as implausible. The court may not dismiss a complaint for failure to state a claim "based on a judge's disbelief of a complaint's factual allegations." *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d

651, 665 (6th Cir. 2005). Though the district court judge found that the two men resembled each other, the Complaint alleges that at least two other people did not think that the man in the Footage looked like Thomas: Detective Cavanaugh, and the prosecutor. (*See* First Am. Compl. at ¶¶ 13, 24.) A reasonable jury could find that the two men did not look similar. Thus, this court finds that the issue of whether the two men in the Footage and Photo appear similar raises a genuine dispute of a material fact. Thus, it was inappropriate for the court to resolve this issue on a motion to dismiss or a motion for summary judgment.

Even though the district court erred in part, we may affirm the dismissal of Thomas's Complaint for any reason supported by the record. *Hensley Mfg. v. ProPride*, 579 F.3d 603, 609 (6th Cir. 2009). Thus, we will review the record to determine whether dismissal was otherwise warranted.

## C. Consideration of the Motion to Dismiss

In his Complaint, Plaintiff asserts six causes of action: (1) gross negligence against Cavanaugh, Heddle, Coggins, and Noder-Love; (2) intentional infliction of emotional distress against Cavanaugh, Heddle, Coggins, and Noder-Love; (3) violation of 42 U.S.C. § 1983 against all Defendants; (4) false arrest and false imprisonment against Cavanaugh, Heddle, and Coggins; (5) two counts of constitutional deprivation—one against Cavanaugh, Heddle, and Coggins, and one against the Regents; and (6) malicious prosecution against Cavanaugh and Noder-Love. The court will address each Defendant in turn.

### 1. Defendants Regents of University of Michigan and Detective Cavanaugh

Defendants the Regents and Detective Cavanaugh argued, both at the district court level and here at the appellate level, that they are immune from all claims based on sovereign immunity under the Eleventh Amendment, as well as the Michigan Governmental Tort Liability

Act ("MGTL"). Plaintiff has not briefed or responded to this particular issue. Because the court finds Defendants' Eleventh Amendment argument to be well-taken, there is no need to address the state tort claims as explained hereafter.

It is well-settled that the Eleventh Amendment forbids a citizen from bringing suit for monetary damages in federal court against a state, state agent, or state instrumentality without that state's consent. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1984). It is also well-settled that such sovereign immunity applies to claims under § 1983, meaning that states and state officials sued in their official capacity are not considered "persons" under § 1983 and, therefore, cannot be sued for money damages without the state's consent. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Moore v. City of Harriman*, 272 F.3d 769, 771 (6th Cir. 2001). Eleventh Amendment immunity also bars any pendent state-law claims brought against state officials in their official capacity. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *Pennhurst*, 465 U.S. at 117-21). Plaintiff's Complaint seeks only monetary damages for each cause of action asserted. Plaintiff does not dispute this on appeal. Therefore, sovereign immunity applies to every state entity and state official named in their official capacity in this case.

This court has previously determined that the Board of Regents of the University of Michigan is a state entity protected by Eleventh Amendment sovereign immunity. *See Estate of Ritter by Ritter v. Univ. of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). Thus, the Eleventh Amendment renders both Defendants University of Michigan and University of Michigan Health System immune to all of Plaintiff's claims. As an officer of the University of Michigan,

Defendant Cavanaugh is also a state agent protected by sovereign immunity if sued in his official capacity.

Under the "course of proceedings" test, this court looks to the Complaint and how Plaintiff describes the defendant to determine whether the cause of action is being brought against Defendant in his official or individual capacity. *See Moore*, 272 F.3d at 772. Specifically, the court looks to (1) whether the defendant is referred to by his official title, (2) whether Plaintiff implies that Defendant acted outside of his official capacity, and (3) whether Plaintiff alleges that Defendant was acting on behalf of himself or his employer. *Id.* at 772-73. The Complaint indicates that Plaintiff only sued Defendant Cavanaugh in his official capacity. First, in the Complaint, Plaintiff consistently refers to Cavanaugh by his official title, "detective." Second, Plaintiff's Complaint alleges that Cavanaugh "at all relevant times . . . was a police officer who worked for the University of Michigan Police Departments, and was at all times material to this cause of action performing his duties as a police officer . . . ." (First. Am. Compl. at ¶ 6.)

Further, Plaintiff did not make any additional filings before dismissal to clarify the nature of his claims. Defendant Cavanaugh also did not defend against Thomas's claims by asserting qualified immunity. Thus, considering all the relevant factors, Cavanaugh did not have sufficient notice of an individual-capacity suit. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 968-69 (6th Cir. 2002). Therefore, sovereign immunity also attaches to Defendant Cavanaugh in this case.

Thus, all claims against Defendants University of Michigan, University of Michigan Health System, and Cavanaugh are dismissed for lack of subject-matter jurisdiction, without having to address the sufficiency of Plaintiff's pleadings.

## 2.   Defendants Heddle and Coggins

As sheriff's deputies for the Washtenaw Sheriff Department, Defendants Heddle and Coggins are agents of a municipality, not the state.  Eleventh Amendment sovereign immunity does not apply to municipalities or their officials.  *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 369 (2001).  Therefore, Defendants Heddle and Coggins are not protected by Eleventh Amendment sovereign immunity but may be protected under the MGTL.

In his Complaint, Plaintiff asserts five causes of action against Defendants Heddle and Coggins: (1) violation of 42 U.S.C. § 1983; (2) gross negligence; (3) intentional infliction of emotional distress; (4) false arrest and false imprisonment; and (5) constitutional deprivation. Though Plaintiff alleges in his Complaint that both his arrest on June 27, 2011, and the warrant that issued two days later lacked probable cause, the only allegations in the Complaint in regard to Heddle and Coggins relate to his allegedly being falsely arrested on June 27, 2011. Under the MGTL, all governmental officials, including municipalities and municipal agents, "without regard to the discretionary or ministerial nature of the conduct in question . . . [are] immune from tort liability for an injury to a person or damage to property caused . . . while in the course of employment or service" as long as: (1) the officer or employee "reasonably believes he or she is acting within the scope of his or her authority"; (2) "the governmental agency is engaged in the exercise or discharge of a governmental function"; and (3) the officer's or employee's conduct was not grossly negligent.  M.C.L.A. 691.1407(2).  Because Plaintiff alleges gross negligence against Defendants Heddle and Coggins, the court must review the sufficiency of those pleadings to determine if qualified immunity applies here.

This court finds, as did the district court, that Plaintiff's Complaint is lacking in factual support for any of the legal allegations made in respect to his § 1983 or state-law claims.  In the

Complaint, Plaintiff provides some specific factual allegations, but mostly just vague and conclusory legal assertions. Specifically, paragraphs 1-25 provide factual assertions, but the remainder of the Complaint merely asserts the boilerplate elements for each cause of action and refers to all the previous assertions stated in the Complaint—both factual and conclusory legal assertions. For example, Plaintiff's claim for intentional infliction of emotional distress merely asserts that "Heddle and Coggins [sic] false arrest resulted in emotional distress to the Plaintiff," and lists a number of physical symptoms that manifested in Plaintiff, but never makes any factual allegations regarding Defendants' intent. (*Id.* at ¶¶ 36-39.) Thus, the question is whether any of the factual allegations from paragraphs 1-25 of the Complaint are sufficient to "state a claim to relief that is plausible on its face" for any of the causes of action against Defendants Heddle and Coggins. The answer is no.

The only facts alleged in paragraphs 1-25 that are specific to Coggins or Heddle are that they were police deputies for the Washtenaw Sheriff Department working in their official capacities, (First Am. Compl. at ¶¶ 8-9), and that they arrested Plaintiff on June 27, 2011, (*id.* at ¶ 12f). The only factual allegations in the Complaint regarding the events leading to Thomas's arrest is that Noder-Love reviewed the Footage and identified Thomas, her former employee, as the man in the Footage. An eyewitness identification—standing alone—is sufficient to establish probable cause unless the officer has some reason to believe at the time of the arrest that the eyewitness is lying or mistaken. *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). Although Thomas alleges that Noder-Love falsely identified Thomas as the assailant, he does not allege Cavanaugh, Heddle or Coggins knew Noder-Love was wrong when they arrested Thomas. None of these facts are sufficient to support any of the claims asserted against Coggins or Heddle. Thus, all causes of action against Defendants Heddle and Coggins should be dismissed.

11

### 3.   Defendant Noder-Love

The court also finds that Plaintiff insufficiently pled his claims against Noder-Love.   In his Complaint, Plaintiff asserts four causes of action against Noder-Love: (1) gross negligence; (2) intentional infliction of emotional distress; (3) violation of 42 U.S.C. § 1983; and (4) malicious prosecution. As detailed above with Defendants Heddle and Coggins, the causes of action against Noder-Love merely utilize boilerplate language asserting the elements of the various causes of action and refer to all of the previous conclusory factual and legal assertions in the Complaint. For example, Plaintiff's claim for intentional infliction of emotional distress merely asserts that Noder-Love's "false statements leading to the arrest of the Plaintiffs [sic] probably resulted in emotional distress to Plaintiff."   Plaintiff's cause of action for gross negligence merely asserts that "Noder-Love's actions were grossly negligent" and refers to all Defendants as if they had identical duties of care, despite Noder-Love being a civilian, not an officer of the law.  (First Am. Compl. at ¶¶ 31-32.)

The only facts alleged in paragraphs 1-25 that are specific to Noder-Love are that she was an employee of the University of Michigan and the University of Michigan Health System, (i*d.* at ¶¶ 3, 5), and that she identified Plaintiff as the person in the Footage, (*id.* at ¶ 12e).  Taken together, these facts are insufficient to state a plausible claim against Noder-Love for any of the causes of action Plaintiff asserts.

Thus, this court affirms the district court's dismissal of all claims against Noder-Love.

### D.  Dismissal as to Non-Moving Parties

Plaintiff argues that the district court erred in granting the Motion to Dismiss as to all Defendants where only Defendants the Regents and Cavanaugh filed the Motion and no other Defendants joined it. Defendants maintain on appeal that this argument was waived because

Plaintiff did not raise it before the trial court in his Motion for Reconsideration. This court agrees that under the precedent of this circuit, this argument was waived. *See Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 614 (6th Cir. 2014). Even absent waiver, Plaintiff's argument is not well-taken. For example, he claims that "[t]he facts alleged by Plaintiff to support the claims against Noder-Love, Heddle and Coggins are different than the facts which are alleged to support the claims against Cavanaugh." (Appellant's Br. at 15.) This is clearly incorrect. As previously discussed, in resolving the false arrest claims against all three, the district court had to review substantially the same factual allegations. Thus, the district court properly dismissed all of the claims that depend on a lack of probable cause for his original arrest, including all claims against Heddle and Coggins. Similarly, the court properly considered and dismissed all claims against Noder-Love, as the factual underpinnings of the claims against her were closely intertwined with those of the other Defendants. Thus, the district court properly dismissed the claims against all Defendants.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court granting Defendants' Motion to Dismiss and AFFIRM dismissal of all claims against all Defendants.